June, 1808.

ROBERT BIRD, HENRY M. BIRD and BENJAMIN SAVAGE *against* JOSHUA HEMPSTEAD and JOHN I. CLARK.

MOTION for a new trial.

*Under the late bankrupt law of the United States, a right of action founded on a tort did not pass, by the general assignment of the bankrupt's estate, to the assignees.*

*In an action of trespass for taking and detaining a ship, it was held, that the plaintiff was entitled to give in evidence a process in replevin by C. a third person, a replevin bond by D. and E., as sureties, and a judgment thereon in favour of the defendant, and to prove that he, the plaintiff, had indemnified those sureties, for the purpose of showing, that he became liable to the defendant for the amount of his claim against C.; and that this sum ought to be the rule of damages.*

The nature of this action, which has twice been before the *supreme court of errors*, is concisely stated, *ante*, vol. 2. p. 293. *Hempstead*, one of the defendants, had died since the commencement of the suit. On the reversal in 1806, the cause was remanded to the *superior court* next thereafter held in *New-London* county, where it was again tried. On that trial, the defendant offered to prove, that since the first trial of this cause, *Robert Bird*, one of the plaintiffs, had become bankrupt, and had assigned his effects under a commission of bankrupt duly issued in the district of *New-York*. To the admission of this evidence the plaintiffs objected; and the court ruled it out.

In the progress of the trial, the plaintiffs offered in evidence the writ of replevin, and replevin bond, mentioned *ante*, vol. 2. p. 294.; also a writ, process and judgment in favour of the defendant, against *Gurdon I. Miller*, and his sureties, on said bond; and then offered to prove, that the plaintiffs had indemnified said sureties. This evidence was objected to by the defendant; but admitted by the court.

In the charge to the jury, the court did not instruct them, that said evidence was not to be considered as proof of special damage in the case; but instructed them, that the right of the plaintiffs to recover depended on the right of property.

*The owner of personal property, though not in possession, may maintain *trespass* against a stranger.*

The plaintiffs obtained a verdict. And the defendant

moved for a new trial, on the ground that these decisions of the court, with regard to the evidence offered, and their direction to the jury, were erroneous. This motion being reserved for the opinion of the nine judges, was argued, at this term, by *Goodrich* and *Dana*, in support of it, and by *Daggett* and *Goddard*, against it.

BY THE COURT (a) The first question arising in this case, is, whether the bankruptcy of one of the plaintiffs, and the assignment of his estate, under a commission of bankrupt, devested them of their right of action. By the act establishing a uniform system of bankruptcy, it is provided, " That the commissioners shall take into their possession all the estate, real and personal, of every nature and description, to which the bankrupt may be entitled ; and that they shall assign it to such persons as the creditors shall choose their assignees." This was a right of action founded on a *tort ;* and did not pass, by such assignment, to the assignees. They could not maintain an action, in their own names, for such injury done to the estate of the bankrupt. The plaintiffs, therefore, were not devested of their right of action.

The material question in the case is, whether it was competent for the plaintiffs to give in evidence the proceedings in the replevin, and that they indemnified the sureties in the bond, for the purpose of showing, that they became liable to the defendant for the amount of his claim against *Miller;* and that this sum ought to be the rule of damages.

It is a clear principle, that if one man wrongfully, and by force, take from another man his property, and com-

(a) BRAINERD and GRISWOLD, Js. having been concerned as counsel in this cause, did not sit.

pel him to pay money to regain it, trespass will lie for the wrongful act of taking the property. By a parity of principle, if he compel him to give security for money, action of trespass will lie. If one man procure the estate of another to be wrongfully attached, as the property of a third person, and the owner, to regain it, pay or satisfy the claim for which it is attached, trespass will lie.

The case of *Shipwick* v. *Blanchard*, 6 *Term Rep.* 298. supports this doctrine. The defendant, as assignee of bankrupt, ordered the goods of the plaintiff to be seized and distrained for rent due to the bankrupt. The plaintiff, to redeem the goods, paid the sum claimed for the rent, and expenses; but the petitioning creditor's debt having accrued after the act of bankruptcy, the commission of bankruptcy was void; and the plaintiff brought an action of trover for the goods, which was held to lie. It is true, that the question made was, whether *trover* would lie; and it was taken for granted, that the defendant was *liable* for such wrongful distress. If trover would lie, it clearly follows that *trespass* would also lie. In *England*, a distress for rent is in the nature of a legal process; and if trespass will lie for goods redeemed from a wrongful distress, it will for goods redeemed from a wrongful attachment.

Hence, it follows, that if, in the case under consideration, the plaintiffs had paid the money, or given security to the defendant for his debt against *Miller*, for which the vessel was attached, in order to regain possession of it, they could have maintained trover or trespass against him for such wrongful attachment. The procuring of the bond on the replevin, and the indemnifying of the sureties by the plaintiffs, was, in effect, giving security to the defendant for the debt due to him from *Miller;* for they became liable to pay it. It

was, therefore, the same thing in judgment of law, as if they had paid him the money.

It is said, that the plaintiffs are estopped by the averments in the replevin from saying, that this vessel was not the property of *Miller;* that these facts ought not to be given in evidence as a basis for the recovery of damages; and that it is improper and dangerous to permit the action of replevin to be used for such purposes.

In the writ of replevin, there is no acknowledgment by the plaintiffs, that the property of the vessel was in *Miller.* They are not parties to the record. The only act done by them is to procure the bond on the writ, and indemnify the bondsmen; and this cannot estop them from saying the vessel was their property, any more than if *Miller* had procured the vessel to have been replevied without their knowledge. In all cases where money is paid to redeem goods wrongfully taken, attached, or distrained, it is competent for the party to prove, that the money was paid to redeem the goods from a wrongful taking; and that it was not a voluntary payment of an acknowledged claim. There is no more impropriety, or inconsistency, in admitting the plaintiffs in this case to show, that the proceedings in replevin were for the purpose of redeeming property wrongfully attached, than there is to admit a party to prove the payment of money, or the giving of a note, for that purpose.

Nor does it appear that any inconvenience can result from such practice. Where the title to goods is contested, and they are attached for the debt of one, and claimed to be the property of another, there is no legal process, by which such claimant can regain possession: for replevin can be maintained only in the name of the defendant in the suit. The only legal remedy, in the

June, 1808.

BIRD
v.
CLARK.

name of the owner, is by action of trespass, or trover; which leaves the property in the possession of the officer attaching it; and it may be held in the custody of the law, till the final trial of the suit on which it is attached. But, if it is permitted that the claimant (where the defendant in the suit on which the goods are attached consents) may, by replevin in his name, regain the goods, all the damage that arises from the detention is avoided. No case can exhibit this advantage in a more striking manner, than that under consideration. *Clark*, to secure a debt of ten thousand dollars, due from *Miller*, attached a vessel and cargo ready to sail, worth thirty thousand dollars, which was the property of *Bird, Savage & Co.* If this vessel had not been replevied by them, in the name of *Miller*, then *Clark* would have been liable for the value of the property, as well as damages for defeating the voyage; but by admitting the replevin, he will recover on the replevin bond the whole sum recovered against him in this action; so that he can try the question, whether the property of the vessel was in *Miller*, without any expense, save that of the cost of trial. For the proceedings in replevin are not admitted as a basis on which to recover damages, but to limit the extent, where the value of the property is more than the amount of the debt, for which it is attached. But, if the value of the property be less than the debt demanded, then the defendant will be entitled to recover the value only; and the replevin is given in evidence merely for the purpose of showing, that the plaintiff has regained his property in such manner as does not excuse the defendant from the injury done him by the wrongful attachment.

If the plaintiffs, instead of replevying the vessel, had given a receipt to the officer, with an engagement to have it forthcoming on the execution when demanded, and then had taken the possession again, it is evident, that

in an action of trespass for taking the vessel, they might have proved this fact, in order to show that they did not regain their property in such manner as to excuse the defendant from the trespass. There can be no difference in principle, between the proceeding to regain one's property, and the process by replevin.

Another ground of the present motion is, that the court directed the jury, that it was a question of property only. The defendant urged, that the plaintiffs had only a mortgaged right to the vessel, and was not in actual possession; and, therefore, if he had the property, he could not maintain trespass, but trover only, on the principle laid down by Lord *Kenyon*, in *Ward* v *Macauley*, 4 *Term Rep.* 489. that trespass is founded on possession, and trover on property; that where the plaintiff has not the possession, he cannot maintain trespass, but must bring trover. But Lord *Kenyon* afterwards retracted this doctrine in *Gordon* v. *Harper*, 7 *Term Rep.* 9. The true principle is laid down by *Williams*, in his notes to *Saunders's Reports*. Note (1) to *Wilbraham* v. *Snow*, 2 *Wms. Saund.* 47. a. In order to maintain trover, it is necessary, that the plaintiff should have either a special or absolute property in the goods which are the subject of the action. He who has the absolute or general property, may support this action, though he had never had the actual possession; for it is a rule of law, that the property of personal chattels draws to it the possession, so that the owner may bring either trespass, or trover, at his election, against a stranger who takes them away.

It appears, that the ship in question, for a valuable consideration, was assigned by *Miller* to the plaintiffs, by an instrument in the nature of a bottomry bond, granting them the exclusive right to her during a voyage from *New-York* to *New-London*, and thence to *London*.

The plaintiffs had a right of possession, if they had a right of property; and, of course, their right to recover depended on the question of property.

New trial not to be granted.

## REGULA GENERALES.

1. IN all cases before the superior court, where the defendant pleads the general issue, and intends to rely upon a defence, which, by the rules of the common law, ought to have been spread upon the record, by special pleadings; and in all cases founded upon an express contract, where the defence proceeds upon the ground of the existence in fact of the contract between the parties, but attempts to avoid the effect of it, by matter arising at the time of entering into the contract, or subsequent thereto, he shall give notice in writing of such his intention, at the time when by the rule of the court, he is bound to plead, and state therein the ground of his defence; from which defence, so notified, the defendant shall not be at liberty to depart, on the trial, and insist upon another defence. This notice, however, shall not be construed to admit, as special pleadings would do, the truth of the facts alleged in the plaintiff's declaration.

2. All motions, and other matters, reserved, on the circuits, for argument before the nine judges, shall be entered in the docket of the *supreme court of errors*, at the next succeeding term, before the second opening of the court.