GILLET, receiver, &c. *vs.* FAIRCHILD.

The terms " chose in action," and " thing in action," embrace demands arising out of a *tort*, as well as causes of action originating in the breach of a contract.

Accordingly held that a receiver of an insolvent corporation, who is empowered by law to sue for and recover " all the estate, debts and *things in action*," belonging to the corporation, may maintain *trover* for the conversion of the personal property of the corporation before the plaintiff was appointed receiver.

No assignment by the corporation to the receiver is necessary to enable him to maintain the action.

In pleading, *time* and *place* must be stated in respect to every traversable fact.

In an action by the receiver of an insolvent corporation in his representative character, it is not enough to aver that on a day named, the plaintiff was *duly* appointed receiver by the court of chancery. The *place* must be stated, and it must be directly averred that an order was made by the court.

THE plaintiff declares as receiver of the St. Lawrence Bank, an association organized under the general banking law. The count is in trover for twenty Arkansas bonds for $1000 each,

of the value of $20,000; and the wrong is alleged to have been done to the bank. The plaintiff then avers that on the 24th of February, 1843, and *after* the conversion of the property by the defendant, he was duly appointed by the court of chancery of the state of New-York receiver of the bank, upon the application of the bank commissioners; and that he gave the security required by law, and the order of his appointment: and that on or about the 9th of March, 1843, the bank, in pursuance of a decree of the said court of chancery, assigned all its property and effects and rights of action to the plaintiff, as such receiver, including the right to prosecute for the conversion of the said bonds; and thereupon took upon himself the duties of his said office of receiver of the said bank. Demurrer and joinder.

*A. B. James & C. P. Kirkland,* for the defendant.

1. The plaintiff, as receiver, is not entitled to sue for a *tort,* committed before his appointment. (2 *R. S.* 464, §§ 41, 42; *id.* 469, §§ 67, 68; 1 *R. S.* 798, §7; *Bird* v. *Hempstead,* 3 *Day,* 272; *Shoemaker* v. *Keely,* 2 *Dallas,* 213; *Stanley* v. *Duhurst,* 2 *Root,* 52; *Smith* v. *Milles,* 1 *T. R.* 475; 2 *Bl. Com.* 397.)

2. The declaration is bad for not stating the time and place of making of order directing an assignment to the plaintiff. (*Gould's Pl.* 88; 1 *Chit. Pl.* 287; *Stephens' Pl.* 292; 14 *East,* 291.)

3. It should have stated the character of the proceeding in the court of chancery and the substance of the order. (17 *Wend.* 197; 6 *Hill,* 315; 1 *Chit. Pl.* 572.)

*James Edwards,* for the plaintiff.

*By the Court,* BRONSON, Ch. J. When a banking corporation becomes insolvent, or has violated its charter, the court of chancery, on the application of the attorney general, or a creditor, may appoint a receiver of the property and effects of the corporation. (2 *R. S.* 463, §§ 39, 41.) The same thing might be done in relation to safety fund banks, on the application of

the bank commissioners, so long as we had such officers. (*Stat.* 1829, *p.* 170, §. 18.) And the bank commissioners had the like powers in relation to corporations formed under the general banking law. (*Stat.* 1840, *p.* 307, §§ 11, 12.) The office of bank commissioner was not abolished until April, 1843 ; (*Stat.* 1843, *p.* 301, § 6,) which was after the plaintiff was appointed receiver.

The receiver has power to sue *in his own name*, or otherwise, and recover " all the estate, debts and *things in action*, belonging or due to" the bank. (2 *R. S.* 464, § 42 ; *p.* 469, § 68 ; *p.* 41, § 7.) Blackstone seems to have entertained the opinion, that the term *chose*, or thing in action, only included debts due, or damages recoverable for the breach of a contract, express or implied. (2 *Com.* 388, 396, 7.) But this definition is too limited. The term chose in *action* is used in contradistinction to chose in *possession*. It includes all rights to personal property not in possession which may be enforced by action ; and it makes no difference whether the owner has been deprived of his property by the tortious act of another, or by his breach of a contract, express or implied. In both cases, the debt or damages of the owner is a "thing in action." (2 *Kent*, 351, 1 *Chit. G. P.* 99, *note p.* ; *Tomlin's L. D. Chose* ; *The King* v. *Capper*, 5 *Price*, 217 ; 1 *Lilly, Ab.* 378.) The complaint here is, that the defendant wrongfully converted the goods and chattels of the bank to his own use. The case is plainly within the letter of the statute ; and is also within its object and policy. There is no greater reason for allowing the receiver to recover damages in his own name for the breach of a contract made with the bank, than there is for allowing him to recover damages in his own name for the wrongful withholding of the property of the bank in another form. The legislature intended to give the receiver ample authority to gather up all the effects of the bank, and distribute them among the creditors and stockholders of the institution. It is enough for the present to say of the cases of *Stanly* v. *Duhurst*, (2 *Root*, 52,) and *Bird* v. *Hempstead*, (3 *Day*, 272,) that they did not arise under statutes as comprehensive in their terms as the one which we are

considering. The suit has been well brought in the name of the receiver.

The assignment by the bank to the receiver is not well pleaded in point of form. But the answer is, that all that is said about the assignment may be struck out of the declaration as surplusage. The property and effects of the corporation vest in the receiver, and he has power to sue, on giving the requisite security. (2 *R. S.* 464, §§ 41, 42; *p.* 468, §§ 66 *to* 68; *p.* 41, § 7.) No assignment was necessary.

But it was necessary to allege in proper legal form that the plaintiff was appointed receiver of the property and effects of the corporation, and gave the necessary security; and that has not been done. It is a rule in pleading that the place, as well as the time, of every traversable fact should be stated; and it does not appear where the decree or order was made by which the plaintiff was appointed receiver. (*Gould, Pl.* 111, 88, *2d ed.*) Indeed, the declaration does not allege that there was any decree or order of the court of chancery in the premises; and this is another objection to the pleading. The averment is, that the plaintiff was *duly* appointed receiver. Such an averment is not capable of trial. It consists partly of matter of law, and partly of matter of fact. The plaintiff should have stated what in particular was done; and then the court could determine whether he was duly appointed; or if an issue of fact was tendered, the jury could answer as to the truth of the allegation. (*Beach* v. *King,* 17 *Wend.* 197.) The declaration is in some other respects loosely drawn; and as it must be amended, it may be well for the pleader to consider whether the ground upon which the plaintiff was appointed receiver should not be stated. There is more than one case where the court of chancery may appoint a receiver of the property and effects of a banking corporation; and the powers and duties of the receiver may not be the same in all the cases. That is, however, a question which I have not considered.

Judgment for the defendant.