REUBEN ANDERSON AND OTHERS, PLAINTIFFS IN ERROR, *v.* MICHAEL BOCK.

The city of New Orleans sold a lot in the city for a certain sum of money, the payment of whi h was not exacted, but the interest of it, payable quarterly, remained as a ground rent upon the lot. It was further stipulated, that if two of these payments should be in arrear, the city could proceed judicially for the recovery of possession, with damages, and the vendees were to forfeit their title.

Six years afterwards, the city conveyed the same lot to another person, who transferred it to an assignee.

The title of the first vendee could not be divested without some judicial proceeding, and the dissolution of the contract could not be inferred merely from the fact that the city had made a second conveyance.

Therefore, the deed to the second vendee, and from him to his assignee, were not, of themselves, evidence to support the plea of prescription. The city, not having resumed its title in the regular mode, could not transfer either a lawful title or possession to its second vendee.

The Circuit Court having instructed the jury that, in its opinion, under the written proofs and law of the case, the plea of prescription must prevail, and the written proofs not being in the record, this court cannot test the accuracy of its conclusion.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the Eastern District of Louisiana.

The facts in the case are set forth in the opinion of the court.

It was submitted, on printed briefs, by *Mr. Bemis,* for the plaintiff in error, with a brief by *Messrs. Stockton* and *Steele,* and by *Mr. Benjamin,* for the defendant in error.

### *Plaintiffs' Points.*

I. The charge of the court was manifestly improper and illegal, as the judge stated to the jury, " it was his opinion, that under the written proofs and law of the case, the defence of prescription, set up by the defendant, must prevail."

This was not a deduction for him to draw, but it was peculiarly the province of the jury to decide on the evidence. The defence of prescription involves both matter of fact and law; of the former the jury are exclusive judges, and of the latter they are also judges, under the instruction of the court as to what the law is.

This expression of opinion by the judge, in delivering his charge, could form, legally, no part of the charge.

He does not tell the jury what the law is, but only that, as the law stands, the proofs in the cause make out the defence of prescription.

II. The court erred in charging the jury, that the act of sale from the city to John Clay, dated 18th November, 1816, and the act of sale from Clay to defendant, dated 30th January, 1823,

were of themselves evidence of possession in the defendant and his vendor, Clay, to support the plea of prescription.

Possession is a matter *in pais*, and it cannot be established by a mere paper conveyance of the property.

III. The court erred in refusing to instruct the jury, as required by the plaintiffs, " that by the acts of sale, dated 15th October, 1810, from the city of New Orleans to Sticher and Anderson, the said city transferred to Sticher and Anderson the title and possession of the property, and that neither the title nor possession thereof can be presumed to be afterwards in the city; but, on the contrary, the city must show, by proper evidence, that the title and possession again came lawfully into its hands.

This was simply a requirement, on the part of the plaintiffs, that the court should instruct the jury that the elder title, emanating from the city to Sticher and Anderson, must prevail over the younger title from the city to Clay.

The deeds to Sticher and Anderson were made on consideration of an annual ground rent, to be paid by them for a certain number of years, and the further consideration of a stipulated price, to be paid by them after the term for the continuance of the ground rent should have expired. This term for the continuance of the ground rent had expired many years before the institution of this suit. No complaint has been made that Sticher and Anderson did not pay the considerations stipulated in the deed to them. There can, then, be no good reason why their prior title shall not prevail over the junior title of the defendant.

### Defendant's Points.

The first bill of exceptions complains, that " the judge refused to charge the jury, that, by the act of sale, dated 15th October, 1810, from the city of New Orleans, to Sticher and Anderson, the city transferred to them the title and possession of the property; that neither could afterwards be presumed to be in the city, but, on the contrary, the city must show, by proper evidence, that the title and possession came lawfully into its hands;" and further complains that the judge, on the contrary, charged the jury, " that the act of sale from the city of New Orleans to John Clay, dated the 18th November, 1816, and the act of sale from Clay to defendant, dated the 30th January, 1823, were of themselves evidence of possession in the defendant, Bock, and his vendor, Clay, to support the plea of prescription set up by the defendant."

The second bill of exceptions complains that " the judge stated to the jury, that it was his opinion, that, under the written

proofs and law of the case, the defence of prescription, set up by the defendant, must prevail."

Now, in relation to these bills of exceptions, it is to be observed that neither of them pretends on its face to set forth all the evidence offered in the cause, but only a part of the written evidence. As regards the second bill of exceptions, therefore, it is clear that this court is without the means of determining whether the charge of the judge was correct or not; and, in the absence of such means, the presumption of law is, that the judgment of the lower court was supported by the written proofs. For aught that appears in the record, there may have been offered in evidence a written admission by the plaintiffs that the defendant had been in possession, as is alleged in the answer, for a length of time sufficient to establish prescriptive right to the property; or written contracts, receipts, or other documents, proving him to have inclosed and built upon the property, or leased it to tenants, and collected rents. Without a statement showing what the written evidence was, it is impossible to say that there was error in the charge "that under the written proofs and law of the case, the defence of prescription must prevail."

In order to determine the propriety of the charge complained of in the first bill of exceptions, the issues presented by the pleadings must be taken into consideration.

The petition alleges possession by the defendant, but asserts the possession to be unlawful.

The answer admits the possession, and asserts it to have been lawful under just title for upwards of thirty years, and sets forth the deed under which the possession was acquired, to wit, the deed of 30th January, 1823.

The fact of possession being thus asserted by both parties, the only question was, whether the possession was lawful, or in good faith.

It appears, by the bill of exceptions, that the defendant showed, as the basis of his possession, the deed from Clay, of 30th January, 1823, being at a date twenty-seven years anterior to the institution of the suit.

By reference to the act of sale to defendant, it will appear, that when it was executed, " Michael Bock, being present, declared that he accepts this act of sale and conveyance. is in possession of the said property, and contented therewith." This deed was in evidence without objection, exception, or reservation.

Now the article 2455, of the Civil Code, provides that "the law considers the tradition or delivery of immovables as always accompanying the public act which transfers the property."

The judge, therefore, had before him,

1st. The admission by plaintiffs of the fact of defendant's possession.

2d. The proof that this possession had originated in 1823, and was held by virtue of the sale made in that year, as recited in the deed itself.

3d. The legal presumption established by article 2455 of the actual delivery of the immovable sold.

4th. The absence of any allegation or pretence by plaintiffs of adverse possession in themselves or any other person than the defendant between the year 1823 and the institution of the suit.

The article 3442 of the Civil Code provides that " he who acquires an immovable in good faith and by a just title, prescribes for it in ten years, if the real owner resides in the State, and after twenty years if the owner resides out of the State."

It is obvious, from these premises, that the sole question before the court and jury was, whether the defendant had acquired a good title by prescription, and that the court did not err in charging the jury that the defence had been established.

The prayer of the plaintiff that the judge should charge the jury in relation to the effect of the sale from the city to Sticher and Anderson, was properly refused, because wholly irrelevant. The question was not whether Sticher and Anderson had acquired a valid title in 1810, but whether the defendant had subsequently acquired a good title to the same property by prescription, and the judge properly confined his charge to the latter inquiry, the only one relevant to the issue.

The language of the charge is, that the acts of sale set up by defendants " were of themselves evidence of possession in the defendant, Bock, and his vendor, Clay, to support the plea of prescription."

The Judge did not charge that these acts were conclusive or sufficient proofs, but that they were evidence of possession; and that they were evidence is fully established by the terms of the article 2455, above quoted. See also articles 3405, 6, 7, 3414, 3450.

The point in dispute is fully settled in the jurisprudence of Louisiana.

In the case of Ellis *v.* Prevost et al., 13 La. Rep. 230, 235, the principle is thus stated: " No physical act, in taking possession under a sale by notarial act, is necessary. The intention of the purchaser, which the law presumes, coupled with the power which the act of sale gives, vests the possession in him. The right is taken for the fact, and he is seised of the thing corporally. Article 3405 goes on to provide that when a person has

once acquired corporal possession, the intention which he has of possessing suffices to preserve it in him, although he may have ceased to have the thing in ac⁺ ıal custody."

It is, therefore, respectfully submitted that the plaintiffs have failed to show error as alleged, and that there is no legal ground for disturbing the verdict and judgment of the lower court.

Mr. Justice CAMPBELL delivered the opinion of the court.

The plaintiffs commenced a petitory action, as heirs at law of Thomas Anderson, to recover a lot of land in the city of New Orleans, of which they aver he died seised and that the defendant wrongfully detains

The defendant denied their claim to the property, and pleaded prescription under a just and valid title, with undisputed possession for upwards of thirty years.

Upon the trial, the plaintiffs produced a conveyance of the lot by a notarial act from the city of New Orleans to Sticher and Anderson, dated in 1810, upon the consideration of fifteen hundred and eighty dollars. This sum was to remain a charge upon the lot, and the interest upon it, at the rate of six per cent. per annum, was to be paid in quarterly instalments. Upon a failure to pay two of these instalments, the city was authorized to proceed judicially for the recovery of possession, and for the damages arising from a deterioration of the property, and the vendees were to forfeit their title. The other stipulations in this conveyance are immaterial to the decision of the case.

The defendant relied upon a notarial act from the city of New Orleans, dated in 1816, conveying the property in the same lot to one Clay, upon a contract of sale, and an act dated in 1823 from Clay conveying the property to the defendant. In each of these the vendees acknowledge that possession of the lot had been delivered at the date of the deeds.

The plaintiffs requested the court to instruct the jury that the city of New Orleans, by the notarial act of 1810, had transferred to Sticher and Anderson the title and the possession of the property, and that neither the title nor the possession can be presumed to be afterwards in the city, but that the city should show that the title and possession came lawfully into its hands. This request was refused by the court, and the jury was instructed that the deeds from the city to Clay of 1816, and from Clay to the defendant in 1823, were of themselves evidence of possession in the defendant and his vendor to support the plea of prescription. The court further instructed the jury that, under the written proofs and law of the case, the plea of prescription must prevail. These instructions were excepted to, and are here assigned as error.

The conveyance from the city to Sticher and Anderson, of 1810, was upon a resolutory condition. The contract between the parties was not dissolved of right by the non-fulfilment of the condition, but the party complaining of the breach might have insisted upon its dissolution, with damages, or upon a specific performance. C. C. 2041, 2042.

The dissolution of the contract for the non-fulfilment of the conditions, could not be inferred merely from the fact of a subsequent conveyance by the city of the same property. The title of the city to the lot passed to Sticher and Anderson by the notarial act of 1810, and, to sustain a posterior conveyance of the city, it should have been shown, either that the first contract had been revoked, or that another title had been acquired. The court erred, therefore, in refusing the instruction requested by the plaintiffs.

2. To sustain a title by prescription to immovable property, according to either of the articles of the civil code, referred to in the pleas, the defendant was required to show " a public, unequivocal, continuous, and uninterrupted possession," " under the title of owner." " The possessor must have held the property in fact and in right as owner," " though a civil possession would suffice, if it had been preceded by the corporeal possession." C. C. 3466, 3467, 3453; Devall *v.* Choppin, 15 Lou. 566.

The court has been referred to the civil code, (C. C. 2455,) to prove that the claims of the articles of the code we have cited are fulfilled by the public acts produced by the defendants. This article is " that the law considers the tradition or delivery of immovables as always accompanying the public act which transfers the property. Every obstacle which the seller afterwards imposes, to prevent the corporeal possession of the buyer, is considered as a trespass."

This article was designed to declare the operation of a contract for the transfer of property when embodied in a public act, as between the parties to the act. It establishes, that the transfer is complete by the use of apt words of conveyance in such an act, without the formality of a real delivery; that the power of control and enjoyment, transferred by a grantor in such an act, is equivalent to a manual or physical tradition. So exactly the equivalent, that an " interfering obstacle," interposed by the grantor afterwards, may be treated as a trespass — that is, a disturbance of the possession of the grantee.

This rule from the Louisiana code, corresponding with that of the code Napoleon, deviates from the rule of the Roman and feudal law, which exacted a formal delivery, to perfect the transfer of the property.

The rule is in complete harmony with the American system of conveyancing, which accomplishes the cession of property, with its incidents of possession and enjoyment, without a resort to symbolical acts, or inconvenient ceremonies, by the consent of the owner, legally authenticated.

This explanation of the object of the article of the code, will enable us to define the limits of its operation. A vendor cannot transfer a title, or a possession, which is not vested in him. He cannot, by his conveyance or admissions, affect the claims of persons whose title is adverse to his. It follows, therefore, that the recitals in these acts, that possession had been delivered, and that the vendor was satisfied therewith, are not evidence of that corporeal possession, which is the foundation of a prescriptive right, in a case like the present. Tropl. De Vente, § 36, 40; C. C. 2233, 2235; Emmerson v. Fox, 3 La. R. 183; Ellis v. Prevost, 19 La. 251.

3. As a general rule, the possession necessary to sustain a prescription is founded upon facts, which it is the province of a jury to ascertain. Ewing v. Burnet, 11 Pet. R. 41; Beverly v. Burke, 9 Geo. R. 440.

But the "written proofs," upon which the Circuit Court felt authorized to instruct the jury that the plea of prescription must prevail, are not exhibited in the record, and this court cannot, therefore, test the accuracy of its conclusion.

For the errors in the charge that we have noticed, the judgment of the Circuit Court must be reversed, and the cause remanded for further proceedings.

### Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States, for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, reversed, with costs, and that this cause be, and the same is hereby, remanded to the said Circuit Court, with directions for further proceedings to be had therein, in conformity to the opinion of this court.