# SUPREME COURT.

### BUTTERFIELD agt. MACOMBER.

An action on a promissory note brought by an assignee for the benefit of creditors, describing himself "assignee of DeF— A— & Co.," is brought by the plaintiff in his *individual* capacity.

It is now settled by the decision in *The People* agt. *McCumber*, (18 *N. Y. R.*, 315,) that an *answer* which merely denies a material allegation of the complaint— sets up no new matter, may be stricken out as *sham*, although *verified*.

Where the plaintiff alleges in the complaint that he is "the owner and holder" of the notes in suit, and the answer puts that fact in issue, and it appears that the plaintiff holds the notes as *assignee* of the payees, under a general assignment for the benefit of creditors, he is to be deemed in law the holder and owner so as to entitle him to maintain the action in his *own name* as plaintiff, without setting out his representative character.

*Clinton Special Term, October,* 1861.

MOTION to strike out defendant's answer as sham. The motion is founded on complaint, answer, affidavits and letters therein referred to.

MR. HAVENS, *for plaintiff.*
MR. FINCH, *for defendant.*

BOCKES, Justice. The complaint is entitled " Fred. Butterfield, assignee of DeForest, Armstrong & Co. *vs.* Stephen H. Macomber." It then sets out two causes of action; the first on a promissory note for $283.93, at three months, dated May 6, 1860, made by the defendant to the order of DeForest, Armstrong & Co. ; the second on a note for $180.33, at six months, dated July 3, 1860, also made by the defendant to the same firm. The complaint also 'sets up a transfer of the notes by DeForest, Armstrong & Co. to the plaintiff, and avers that he is the lawful holder and owner thereof.

By the answer the defendant denies 1st, that Butterfield is the owner and holder of the notes ; 2d, denies that the notes were transferred to Butterfield personally ; and 3d, denies that he is indebted to Butterfield thereon.

The pleadings are verified. The motion is put on the ground that the answer is false—hence sham.

Butterfield swears that the notes were assigned, transferred and made over to him by DeForest, Armstrong & Co., on the 4th March, 1861, and that he is the owner and holder, and has the actual and exclusive possession of the notes, and caused them to be sued by this action. Quinan, one of the firm of DeForest, Armstrong & Co., swears that the notes were given his firm for goods, wares and merchandize sold to the defendant; that on the 4th March, 1861, the firm transferred, assigned and delivered the notes to the plaintiff, and that the firm has not, nor has any member thereof, any right, title or interest therein. Mr.

Havens swears that he received the notes from the plaintiff for collection, and still holds them as attorney for the plaintiff, for that purpose.

In answer to the motion, the defendant reads an affidavit showing that Butterfield holds and owns the notes as assignee of DeForest, Armstrong & Co., under a general assignment for the benefit of creditors. Also puts in an affidavit of merits.

It is entirely plain that the action is by Butterfield in his individual capacity. So the defendant insists, and this the plaintiff concedes. The words "assignee of DeForest, Armstrong & Co.," inserted in the title of the cause in the complaint, are merely descriptive. On this motion they may be considered stricken out as surplusage. The action then is by Butterfield as holder and owner of the notes described in the complaint. The answer denies only that he is holder and owner.

The first question is, whether an answer which merely denies a material allegation of the complaint—sets up no new matter—can be stricken out as *sham*. In *The Farmers' & Mechanics' Bank of Rochester* agt. *Smith*, (15 *How.*, 329,) it was held that it could not. In *Gregg* agt. *Reade*, (15 *How.*, 371,) Judge MASON says, when the answer contains a mere denial of the allegations of the complaint, or of some of the material allegations, and is verified according to the requirements of the Code, I think the answer should never be stricken out. In this case Judge MASON examines the previous decisions on the point, and states his conclusion above given. His conclusion is sustained by the following cases : 4 *How.*, 155 ; 6 *How.*, 312 ; 8 *How.*, 485 ; 10 *How.*, 455 ; 12 *How.*, 500 ; 14 *Barb.*, 393.

In *Mier* agt. *Cartledge*, (8 *Barb.*, 75,) it was held at general term, that an unverified answer, which amounted only to the general issue, could be stricken out as false. It was there decided, however, that a different rule would obtain in case the answer was verified.

Butterfield agt. Macomber.

But the rule, apparently unsettled before, was established by the court of appeals, in *The People* agt. *McCumber*, (18 *N. Y. R.*, 315.) It was there decided that an answer denying a material allegation of the complaint, although duly verified, might be stricken out as sham. The court in this case examined the subject very elaborately. Judge STRONG remarks that he knew " of no better right to obstruct the plaintiff in the enforcement of an honest demand to which there is no defence, by the general issue, than by a special plea"—and he adds—" whatever may have been the reason under the old system, for limiting the exercise of the power to strike out false or sham pleas to those presenting affirmative defences, it has no application under the new, to defences in denial of the complaint, or of material portions of it, or denying any knowledge or information thereof sufficient to form a belief. Such denials simply put in issue the allegations to which they relate ; and they may be false or sham, and abused for improper purposes, as well as a defence of any other character."

The learned judge also says in regard to the verification of the answer, that the Code makes no distinction on the subject of striking out, between answers verified and unverified, and remarks that there is none in principle.

It is therefore settled by the highest authority in the state, that an answer containing a denial, merely, of the complaint, or a material allegation thereof, even though verified, may be stricken out as false and sham.

It now becomes necessary to determine the question of fact—whether the denial in the answer—that the plaintiff is the holder and owner of the notes, is true or false.

It is very apparent from the papers read on the motion, that Butterfield is such holder and owner ; and it is conceded by the counsel for both parties, that he holds the notes as assignee of the firm of DeForest, Armstrong & Co., under a general assignment for the benefit of creditors. Is he to be deemed in law the holder and owner, so as to

entitle him to maintain the action in his own name as plaintiff, without setting out his representative character ?

On this point I had supposed there could be no possible question. By the assignment the property became his own, of course for the purposes of the trust. The avails of the notes he must account for to the beneficiaries of the trust, but they are nevertheless his own for the purpose of being converted into money. The assignee, under a general assignment for the benefit of creditors, is an assignee of an express trust ; has the entire legal title, and may sue in his own name without referring to his character as assignee. He makes title under the assignment as in any other case of sale and transfer. Even executors and administrators are generally allowed to sue in their individual names, without declaring in their representative character. (*Merritt* agt. *Leaman*, 2 *Seld.*, 168.) In such cases they are generally charged, of course, with costs in case they fail in the suit. (*Woodruff* agt. *Cook*, 14 *How.*, 481.) The relation which the plaintiff holds to the beneficiaries under the assignment, (as was said in *Davis* agt. *Garr*, (2 *Seld.*, 124, *on p.* 133,) does not affect his right to sue in his own name on the contracts. It is plain, I think, that the answer in this case is sham. There is no pretence but that the defendant justly owes the amount of the notes described in the complaint, nor can there be a possible doubt, judging from the conceded facts stated on this motion, but that he owes such amount to the plaintiff, and is liable to him therefor in an action in his own name, without reference to his character as assignee.

The cases of *Gillett, Receiver* agt. *Fairchild*, (4 *Denio*, 80,) and *White, Receiver* agt. *Miles*, 11 *How.*, 36, 3 *Kern.*, 83,) are quite different from the one under consideration. In those cases the plaintiff could only recover under a special statutory right; and although a receiver has power to sue *in his own name* (*see remark of Judge* BRONSON, 4 *Denio*, 82,) still he must allege in proper form his due appoint-

ment. He is the agent of the court, and derives his authority and rights from the court.

Not so with an assignee under a voluntary assignment for the benefit of creditors. He acquires his title by a bargain and sale, and takes title as in any case of sale and transfer. While he may set out his title, it is not necessary for him so to do when suing negotiable paper ; but he may aver ownership and title, the same as if he acquired title by an absolute and *bona fide* purchase.

The motion must be granted.