ROHM et al. v. MARTIN DENNIS CO.

(District Court, D. New Jersey. July 16, 1918.)

**1. PATENTS ⧉7—"PROCESS" DEFINED.**
In patent matters, a "process" is not a machine, thing, or result, but the mode or method employed in producing the result.
[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Process.]

**2. PATENTS ⧉167(2)—WORDS "SUBSTANTIALLY AS DESCRIBED" REFER TO SPECIFICATIONS.**
In a patent claim, the words "substantially as described" mean as described in the specifications.
[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Substantially as Described.]

**3. PATENTS ⧉328—PROCESS INVENTION FOR BATING HIDES INVALID.**
The Rohm patent, No. 886,411, for a process for bating hides, *held* invalid, because not disclosing any method of using the bate, other than generally employed in the prior art.

**4. PATENTS ⧉37—SUBSTITUTION OF BATES IN WELL-KNOWN PROCESS NOT PATENTABLE.**
There is no patentable novelty in the substitution of one bate, even though superior, for another, in a well-known process.

In Equity. Patent infringement suit by Otto Rohm and the Rohm & Haas Company against the Martin Dennis Company. Decree dismissing bill.

Decree affirmed 263 Fed. 388, —— C. C. A. ——.

Bill charging defendant with infringement of patent No. 886,411, dismissed for lack of novelty in the patent.

Charles Neave and Alan N. Mann, both of New York City, for complainants.

Stallman, Van Liew & Peck, of Newark, N. J. (Park Benjamin, of New York City, of counsel), for defendant.

DAVIS, District Judge. Plaintiffs in the above-stated cause charge the defendant company with the infringement of the first and second claims of patent No. 886,411, issued to Otto Rohm, May 5, 1908. These claims are:

"1. The process for bating hides, which consists in treating the hides with an aqueous extract of the pancreas of animals, substantially as described.

"2. The process for bating hides, which consists in treating the hides with an aqueous pancreatic extract containing an ammonia salt, substantially as described."

Both claims are for a "process for bating hides, which consists in treating the hides" with a bate which in the first claim is an aqueous extract of the pancreas of animals and to this bate in the second claim is added ammonia salt. No claim is made in the patent for the invention of a bate, but for the invention of a "process" for "treating the hides." It is necessary first to determine what a "process" is.

[1] The process of treating hides with a bate is not the bate itself. The process of treatment is one thing and the bate another. "Process" is defined by the Standard Dictionary as:

"A course or method of operation, natural or artificial, incident to the accomplishment of a result; a systematic series of actions in the production of something." In patent law: "Some means or method of effecting a useful result other than by mechanism or mechanical combinations, as by chemical action."

Walker on Patents, 4th Edition, says:

"The generic definition of process is 'an operation performed by rule to produce a result.'"

Mr. Justice Bradley, speaking for the court in the case of Cochrane v. Deener, 94 U. S. 780, 788 (24 L. Ed. 139) in defining a process, said:

"A process is a mode of treatment of certain materials to produce a given result. It is an act, or series of acts, performed upon the subject-matter to be transformed and reduced to a different state or thing."

He further said, in the case of Tilghman v. Proctor, 102 U. S. 707, 728 (26 L. Ed. 279), quoting from the opinion of Chief Justice Taney in the case of O'Reilly v. Morse, 56 U. S. (15 How.) 61, 62, 14 L. Ed. 601:

"'Whoever discovers that a certain useful result will be produced in any art by the use of certain means is entitled to a patent for it, provided he specifies the means.' But everything turns on the force and meaning of the word 'means.' It is very certain that the means need not be a machine, or an apparatus; it may, as the court says, be a process. A machine is a thing. A process is an act, or a mode of acting. The one is visible to the eye, an object of perpetual observation. The other is a conception of the mind, seen only by its effects when being executed or performed."

Mr. Justice Curtis, speaking of a process for the majority of the court in the case of Winans v. Denmead, 56 U. S. (15 How.) 329, 340 (14 L. Ed. 717), said:

"Its substance is a new mode of operation, by means of which a new result is obtained. It is this new mode of operation which gives it the character of an invention, and entitles the inventor to a patent; and this new mode of operation is, in view of the patent law, the thing entitled to protection. The patentee may, and should, so frame his specification of claim as to cover this new mode of operation which he has invented."

A process is not a machine, a thing or result. It is the mode or method of operation or action employed in producing a thing or result. The specification states that—

"The present invention has for its object to provide a simpler and more reliable method of removing the lime, together with the fatty matter and the remnant of the hairs."

This is known as "bating hides." This was generally done by immersing the hides in a solution of dog manure and water. After being introduced into the solution, the hides were stirred by means of a stick or paddle manipulated by workmen, or latterly by means of a rotary paddle wheel operated by machinery.

An ordinary hide consists essentially of a mass of closely interwoven fibers and horny, gluey, fatty matter cementing the fibers together. In preparation for tanning, the hide is first put into a solution of water and caustic lime, for the purpose of removing the hair. This leaves the hide hard and stiff, on account of the lime left in the hide and the presence of the horny, gluey, fatty matter in the little holes between the fiber. After the liming is over and the hair off, the next step in the process is to remove the lime, if any should remain in the hide, and the said matter between the fiber so that the hide and leather made therefrom will become pliable. The degree of pliability in any particular piece of leather depends principally upon the amount of horny, gluey matter removed from between the fibers of the hide. This process is succinctly stated by Prof. Foster, defendant's expert witness.

"A bate is the substance which accomplishes two distinct results: First, it enters into combinations with the lime, rendering the matter soluble and harmless; second, it loosens the cementing substances of the cells which make up the hide, so that the elasticity or resilience of the skinned fibers is got rid of, so that the skin, when tanned, can be stretched without springing back."

The manner in which this horny, gluey, fatty matter is removed from the hide is well stated in the brief of counsel for complainant:

"Defendant's expert Foster offers an explanation of this phenomenon on page 12 of the record. He shows that the action is a digestive one, and that Rohm's bating liquid acts in just the same way that pancreatic juice acts in an animal's body. In all digestive processes the material being digested is so changed in form that it becomes soluble, in order that those elements which the body demands may be absorbed by the blood. This is accomplished by the body causing chemical changes to take place in the material, and thus splitting up the complicated compounds into much simpler arrangements. The medium through which these chemical changes are caused to take place is the digestive juice. This juice, which is secreted in various parts of the body, such as the mouth, stomach and-intestines, contains various digestive forces which are known as enzymes. Each enzyme (and there are a great number of them) has the power of causing a certain type of reaction, and acts to split up a certain type of substances. For example, the enzymes contained in the saliva of the mouth act, as is well known, upon starches. Pepsin, one of the enzymes secreted in the stomach, acts on other substances, while additional enzymes are secreted in the intestines, among which are the enzymes of the pancreatic juice, the principal one of which is trypsin. All of these enzymes or digestice forces serve in the body to simplify the chemical composition of one substance or another, so that the various elements may be absorbed. The pancreatic enzymes act particularly upon fats and proteins and render such material soluble."

Defendant contends that the patent is invalid for lack of novelty; that it does not disclose a new process. The object of the patent is "to provide a simpler and more reliable method of removing the lime, together with the fatty matter and the remnant of the hairs" from hides. The "method" for accomplishing this object is disclosed in the claims and specification of the patent:

"What I claim is: (1) The process for bating hides, which consists in treating the hides with an aqueous extract of the pancreas of animals, substantially as described."

[2] The second claim is like the first, with the addition that the pancreatic extract contains ammonia salt. The words in the claims, "substantially as described," mean as described in the specification.

"The claim of a patent must always be explained by and read in connection with the specification." Carnegie Steel Co. v. Cambria Iron Co., 185 U. S. 403, 432. 22 Sup. Ct. 698, 710 (46 L. Ed. 968).

The "method" disclosed therein is as follows:

"For this purpose I treat the hides with an aqueous extract from the pancreas of animals. * * * When the hides, which have been limed and have an alkaline reaction, are introduced into the bating liquid, the hides are liable to become rough," etc.

This is all that the specification and claims reveal as to the actual process or method of treating the hides. This is a patent for a process, and not for a product, composition of matter, or bate. Does this disclose a "process for bating hides"? It discloses that the hides are treated by being introduced into the bating liquid, which is "an aqueous extract from the pancreas of animals." So far as the "method," or mode, or operation of treating hides, aside from the bating liquid, is concerned, the patent discloses nothing new. This is established by expert witnesses both for the complainant and defendant, and counsel for complainant in their brief (page 7) admit this:

"As we shall see, the manner in which the pancreas is used is the same as that in which the dog manure was always used. * * * As we have pointed out, in the utilization of Rohm's invention, the procedure, but for the use of the new reagent, is very similar to that of the prior art. In fact, we are quite ready to admit that but for the difference in the bating agent, and but for the fact that by the use of Rohm's invention the bating process can be standardized, whereas the old process depended upon the skill and watchfulness of the operator, the two processes are substantially identical."

The question, therefore, is whether or not the use of Rohm's bate, instead of the old dog manure bate, but with the same method of operation, constitutes a new and patentable process. The bate is described in the specification of the patent:

"The principal constituent of the said pancreatic extract is trypsin, the effect of which is materially assisted by the other enzyme of the pancreas, viz. steapsin, which has the property of splitting up fat and completing the saponification of the fat contained in the hides.

"Aqueous pancreatic extracts alone have a very efficient bating action, but it is advantageous to add salts of ammonia or of alkalies or mixtures of such salts. The favorable effect of these salts on hides become apparent chiefly by the fact that the hides shrink, become thinner, and are less liable to become rough, on being placed in pure water after the bating process, which defect is liable to occur when the hides have a strong alkaline reaction and the water contains a considerable quantity of calcium bicarbonate.

"The details of procedure will appear from the following example: A pancreas weighing about 250 grams is extracted with 1 liter of water, and 10 cubic centimeters of this extract are added to 990 cubic centimeters of 0.1 per cent. aqueous solution of ammonium chloride. The solution thus obtained is an excellent bate.

"When the hides, which have been limed and have an alkaline reaction, are introduced into the bating liquid, the hides are liable to become rough, through the precipitation of calcium carbonate, in case the water employed contains much calcium bicarbonate in solution. This defect may occur, whether the

bating liquid contains trypsin alone, or together with salts of ammonia or alkali, and it may be avoided by subjecting the water intended for the preparation of the bate to a preliminary treatment, which consists in precipitating the carbonic acid by means of a suitable quantity of lime water, or in adding to the bating liquid before the introduction of the hides starch paste or other organic or inorganic materials adapted to envelop the calcium carbonate."

[3, 4] This is simply a description of the bate, a product, and the method by which it is extracted or prepared. The patent, however, is not the bate, or preparation thereof, but for its use after being prepared. This is recognized by counsel for complainant, who say in their brief (page 20):

"The patent in suit is for the process of using the bate, not of preparing it."

This being true, it follows that the patent is invalid, for it discloses no method of using the bate other than that usually and generally employed in the prior art. In other words, the process in which the dog manure bate and the pancreatic extract bate are used in treating hides is, as admitted by the complainant, one and the same.

The presence of the enzymes, trypsin and steapsin, in the bating liquid, are the principal constituents that render the bate effective; but these necessary elements were present in the dog manure bate, and practically the only difference between the bate as described by Rohm and the bate which was in common use was the elimination by him of the offensive odor caused by the dung. This being true, can it be said that Rohm invented a new process for bating hides? This must be answered in the negative. There is no patentable novelty in the substitution of one bate, even though superior, for another in a well-known process. Electric Boot & Shoe Finishing Co. v. Little et al., 138 Fed. 732, 71 C. C. A. 270. In most of the cases referred to by complainant, the patent was for a product, a composition of matter, and not for a process, and these cases, therefore, do not justify the position of the complainant in this case.

It follows that the bill must be dismissed.