**In re DREYFUS.**

**Patent Appeal No. 3157.**

Court of Customs and Patent Appeals.
June 12, 1933.

I. Seltzer and C. W. Levinson, both of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Dreyfus has appealed to this court that review may be here had of a decision of the Board of Appeals of the United States Patent Office affirming the decision of an Examiner rejecting, for reasons to be hereinafter stated, six claims (being all the claims) of his application, serial No. 328,305, for patent, entitled, "Improvements in Manufacture of Artificial Filaments."

Claims Nos. 1 and 6, respectively, are quoted as representative:

"1. Process for the production of filaments or threads of organic substitution derivatives of cellulose, comprising dry-spinning solutions thereof containing volatile solvents, less volatile non-solvents and still less volatile solvents.

"6. Process for the production of filaments or threads of cellulose acetate, comprising dry-spinning solutions thereof in acetone, xylene and diacetone-alcohol, the latter being in a proportion of up to 30% of the weight of the cellulose acetate."

There are cited as references the following: Dreyfus, 1,616,787, February 8, 1927; Dreyfus, 1,669,158, May 8, 1928; Dreyfus, 1,688,532, October 23, 1928; Landucci, 1,713,289, May 14, 1929; Klein, 1,716,781, June 11, 1929.

A reading of the claims discloses that the application purports to be one for patent upon a method of making artificial threads or filaments, such as artificial silk or other synthetic fibers, by what is called the dry spinning of a solution of cellulose acetate, or other organic substitution derivatives of cellulose, which solution contains three constituents, viz., (1) a volatile solvent, (2) a less volatile nonsolvent, and (3) a still less volatile solvent. Claim 6, supra, specifies acetone as constituent No. 1; xylene as constituent No. 2, and diacetone-alcohol, in a proportion of up to 30 per cent. of the weight of the cellulose acetate, as constituent No. 3.

It is to be noted that all the claims at issue are process claims, and call for the use of a dry-spinning solution.

The process, or at least one process, of dry spinning, in this particular field, is understood to comprise the taking of a solution made by dissolving cellulose acetate in a solvent or solvent mixture, and forcing it (the solution) through the very fine orifices of a spinning jet into a chamber through which heated air, or other gas, flows. The heated air, or other gas, causes an evaporation, from the cellulose acetate, of the solvent elements, as the filaments pass from the orifices through the chamber, to such an extent as that, by the time the filaments reach the exit of the chamber, they are solidified or "dried."

It is contended for appellant that the filaments produced from the solution described in the application at issue have "superior properties such as increased elongation or elasticity," and that thus a new and unexpected result has been obtained, rendering the claims patentable.

The decisions of the tribunals of the Patent Office in this case present some difficulties of interpretation, particularly that of the Board of Appeals. In a decision of October 5, 1929, the Examiner rejected the claims "as being drawn to an exhausted combination," citing the patents to Landucci and Klein. In

a subsequent decision, dated April 15, 1930, the claims were again rejected by the Examiner "on the references and reasons of record." In this decision all three of the patents to Dreyfus (being the same party who is appellant here), listed above, were cited. In the Examiner's statement, dated April 29, 1931, responding to appellant's appeal to the Board of Appeals, it was said that the claims were rejected as being drawn to an exhausted combination, In re McNeill, 1902 C. D. 568, 20 App. D. C. 294, being cited, and also for lack of invention over Dreyfus patents, 1,616,787 and 1,688,532. In the text of this statement, it was said:

"Landucci discloses the idea of dry spinning cellulose derivative or cellulose acetate solutions.

"Klein discloses the idea of dry spinning cellulose ester or ether solutions."

The decision of the Board of Appeals is not altogether clear to us, but it seems capable of being construed as resting, in so far as its text is concerned, upon the doctrine of the case of In re McNeill, supra, but it states: " * * * However, we would not say that this field is exhausted by the patent to Klein."

It is, however, later said in the decision, after certain assumptions are stated, that: " * * * It is our opinion that under such circumstances no different action or result is produced in the steps of spinning by employing this composition and that the simple broad step of dry-spinning applied to this particular composition is not novel as such over the dry-spinning disclosed by Klein or applicant's patents. The physical action is regarded as being the same in the two cases."

In the language last quoted is found the second reference to appellant's prior patents made by the Board of Appeals, and, except for the suggestion that the field of the art was not exhausted by Klein, we do not find any intimation by the Board of Appeals of disagreement as to either of the grounds upon which the Examiner rested his decisions, and it is not at all clear that the Examiner himself regarded Klein as exhausting the field.

In the recent case of In re Wagenhorst, 64 F.(2d) 780, 782, 20 C. C. P. A. ——, this court, speaking through Presiding Judge Graham, after stating reasons therefor, declared: "It therefore follows that where, as here, the Board of Appeals has affirmed the decision of the Examiner in rejecting the claims of appellant on certain grounds and upon certain named references, which references are also cited by said Board in its decision, the affirmance should be held to have the legal effect of a rejection upon the grounds and references cited by the Examiner, and not expressly reversed by the Board."

Upon the whole, we think the fair and proper construction of the Board's decision is that the claims are rejected in the light of the prior art cited, because processes of dry spinning are already patented to appellant and others and were known to the art, and he has added no new feature to the process of dry spinning itself by adding an additional ingredient to, or making changes of ingredients in, the solution which he spins.

It is our opinion that the conclusion reached by the Board of Appeals is correct. Had appellant presented claims for the product, or were this a chemical case, the issue might be different, but we fail to discern wherein any new step is added to the method considered purely as a method.

The method of dry spinning described generally in the first part of this opinion is, it seems to us, defined in detail in the earliest of appellant's prior patents, cited as a reference—patent No. 1,616,787, granted February 8, 1927, and variations as to ingredients of the dry-spinning solution are named in the other references.

Even if it be conceded as appellant insists, that "the less volatile non-solvents and still less volatile solvents do evaporate during dry spinning," we fail to see wherein this adds anything over the prior art to the spinning as a process. See In re Bronson, 40 F. (2d) 575, 17 C. C. P. A. 1189; In re Luten, 32 App. D. C. 599; Kasser Egg Process Co. v. Poultry Producers of Central California (C. C. A.) 50 F.(2d) 141; Rohm et al. v. Martin Dennis Co. (D. C.) 263 F. 106, affirmed by the U. S. Circuit Court of Appeals of the Third Circuit in 263 F. 388.

From the oath to appellant's involved application it appears that he filed an application in Great Britain January 18, 1928, and in his brief it is argued that he is entitled to the filing date of said British application and that, therefore, the Klein patent is not available as a reference in this case, because Klein's application was not filed in the United States Patent Office until March 27, 1928. There is a question whether this contention was properly presented before the Board of Appeals, but, as we view the matter, it is immaterial whether Klein be considered or not. Klein apparently was relied upon by the Board of Appeals merely to show that dry spinning was old in the art and this was also shown by Landucci.

■ Appellant also argues that his own prior patent, No. 1,688,532, is not available as a reference, because its date of issue is later than the date of filing the British application above referred to.

This contention is not well taken, we think. Under the doctrine of In re Byck, 48 F.(2d) 665, 18 C. C. P. A. 1208, while appellant's patent, under the circumstances, may not be cited as prior art against his application, it may be cited to show what has already been patented to him, and under the doctrine of In re Mason, 62 F.(2d) 185, 20 C. C. P. A. ——, it was not improper to combine appellant's patents in the manner followed by the tribunals of the Patent Office.

■ Appellant also directs attention to an affidavit which was filed in this case, according to the record, after the final decision of the Board of Appeals. The decision of the Board seems to have been rendered November 20, 1931, and the affidavit in question was filed December 31, 1931. The record gives no intimation that any rehearing was sought of the Board. The affidavit seems to be new matter presented for the first time in this court. Under such circumstances, this court is without authority to consider it. In re Fisher, 37 F.(2d) 628, 17 C. C. P. A. 864.

The decision of the Board of Appeals is affirmed.

Affirmed.