WHITE *against* JOY.

Where in an action under the Code of 1849, upon a promissory note, the
plaintiff was described as receiver of a banking corporation, but there was
no allegation in the complaint of his appointment; and the answer alleged
the appointment of a receiver of the corporation without naming him, and
that the note in suit was transferred to such receiver in payment of a debt
owing to the corporation, and was held and owned by the receiver in his
official capacity and not by the person named as plaintiff, and the reply
averred that the plaintiff was the receiver mentioned in the answer, and as such
owned and sought to recover upon the note; *Held*, on demurrer to the reply
on the ground that it departed from the complaint, that the plaintiff was
entitled to judgment.

A departure from the complaint in a reply to the answer, is not a cause of de-
murrei under the Code as amended in 1849. (*Code of* 1849, § 155.) *Per*
MARVIN, J.

The rules of pleading under the Code of Procedure, and the mode of taking
advantage of defective pleadings discussed by MARVIN, J.

White *v.* Miles, 11 How. Pr. 36, reversea.

ACTION in the supreme court commenced in December,
1849. The complaint was as follows: "State of New-York,
county of Albany: Andrew White, receiver of the Canal
Bank of Albany, *agt.* Miles Joy and Lewis Joy. The
above named plaintiff complains, that the defendants, part-
ners in trade, on the 24th day of October, 1848, at Buffalo,
by a promissory note in writing, for value received, pro-
mised to pay the sum of one thousand dollars one year after
the said date. And the same was thereupon transferred to
the said plaintiff, who is now the holder and owner thereof.
The payment of said note was duly demanded at maturity
The said defendants have never paid the said note, or any
part thereof, but are jointly indebted to the plaintiff there-
for. Wherefore, the plaintiff demands judgment against
the defendants for one thousand dollars, with interest from
the 27th day of October, 1849, besides costs." The defend-
ant, Miles Joy, made default, and the defendant, Lewis Joy,
answered as follows: "That he denies that he is indebted

to the said Andrew White, in any sum whatever, or that he is any way or manner indebted to him, upon the promissory note in said complaint mentioned, or that said note was ever transferred to said Andrew White personally; that he denies all knowledge sufficient to form a belief thereupon, and controverts the allegation in said complaint contained, that said Andrew White is the holder and owner of said promissory note; and he requires proof of the said allegation, and of the whole thereof. And this defendant. for a further answer to said complaint, and by way of new matter, says that the said Miles Joy and this defendant, previous to and at the time of the failure of the Canal Bank of Albany, as hereinafter alleged, were indebted to the said Canal Bank of Albany in a large sum of money, and in a sum larger than the amount payable by the terms of said promissory note; that on or about the 10th day of July, 1848, the said the Canal Bank of Albany stopped payment, failed to meet its pecuniary engagements, and became and was bankrupt and insolvent; and that shortly thereafter, and before the giving of said promissory note, and sometime in the month of August in said year, as this defendant is informed and believes, a receiver of the estate, property, things in action, and effects of said the Canal Bank of Albany, was appointed in pursuance of the statute in such case made and provided, and in the manner provided by law; that said receiver entered upon the duties of his office, and took possession of said estate, property, things in action, and effects of said the Canal Bank of Albany, and the whole thereof, including the demand of said bank against the said Miles Joy and this defendant; and that subsequent to his taking possession thereof, and on or about the day of the date of said promissory note, this defendant and said Miles Joy, being partners in business under the firm name of M. & L. Joy, made the said promissory note, and caused the same to be transferred and delivered to the said receiver of said the Canal Bank of Albany, in payment of the said

prior indebtedness of the said M. & L. Joy to said Canal Bank of Albany; and this defendant, upon his information and bel'ef, avers that said receiver of the Canal Bank of Albany is as, and in his official character and capacity as such receiver, the owner and holder of such promissory note in said complaint mentioned, and that said Andrew White is not the holder and owner thereof. And this defendant submits and insists that the said Andrew White is not entitled to recover against this defendant any judgment whatever, by reason of anything in said complaint alleged."

The plaintiff replied, to the effect that on the 17th day of July, 1848, he was, by an order of the supreme court made pursuant to the statute, on the occasion of the insolvency of said bank, appointed the receiver of its property, effects and things in action; and that he is the receiver mentioned, and whose appointment is set forth in said answer; and that he is the holder and owner of such note as such receiver, and seeks to recover in this action in that capacity. The defendant demurred to the reply for insufficiency; setting forth several causes of demurrer, and especially that the reply was a departure from the complaint. The court at special term gave judgment for the defendant on the demurrer. This judgment was affirmed at a general term of the court in the 3d district. The plaintiff appealed to this court.

*John H. Reynolds,* for the appellant

*T. C. Welch,* for the respondent.

DENIO, J. The complaint is defective, in not stating to whom the promissory note mentioned in it was made payable. It is not merely the want of a sufficiently definite statement, the remedy for which is by motion under § 160 of the Code, but it is an attempt to set out the substance of a promissory note, omitting all notice of the payee, and not mentioning whether it had that essential feature or

White *against* Joy.

not. If the complaint had been demurred to, we should have been obliged to give judgment for the defendant. It remains to be seen whether the defendant has not himself supplied this defect. He states that he and the other defendant, who has not answered, were indebted to the Canal Bank before its failure, in an amount exceeding the amount of the note referred to in the complaint; that the bank stopped payment, and its effects, including the demand against the defendants, passed into the hands of a receiver, duly appointed according to law; whereupon the defendants made the promissory note mentioned in the complaint, and caused it to be transferred and delivered to the said receiver, in payment of the prior indebtedness of the defendants to the bank before mentioned. By thus answering, I think the defendant has waived the defect in the complaint, consisting of the imperfect description of the note. He admits the paper to which the complaint has reference, to be a promissory note, capable of being transferred and delivered as an evidence of indebtedness,-and objects only that the plaintiff has shown no title to it.

The answer is apparently founded upon the principle, that where a receiver would make title in pleadnig, to a chose in action, or other property which had belonged to the corporation which he represents, he must set out the facts showing his appointment. In such a case it will not answer merely to describe himself as receiver, or, even under the former system, to aver that he was duly appointed. (*Gillet* v. *Fairchild*, 4 *Denio*, 80.) He must set out the proceeding, so that the court may see that the appointment was legal. In such a case, the appointment of the receiver is a part of the plaintiff's title. It is like the granting of administration or of letters testamentary in a suit by executors or administrators; unless the fact is stated, the plaintiff does not show any right to sue. The judgment of the supreme court proceeds upon the ground, that the complaint is to be understood as setting out a cause of action in the plaintiff's individual right, on.

account of there being no sufficient averment that he had been appointed receiver, the addition prefixed to the plaintiff's name in the title of the complaint being treated as *descriptio personæ;* and the reply, it is said, sets up a title in the plaintiff as receiver of the Canal Bank, and admits that individually he had no cause of action. If this were so it would be a manifest departure, which, under the former rules of pleading, and probably under the present Code, would be a fatal defect. But I think this is a mistaken view of the case. The promissory note declared on, according to the answer, never belonged to the Canal Bank. It was given after the bank had failed and after its effects were vested in the receiver. It was therefore unnecessary for the plaintiff to set up a derivative title under the bank. The answer states that the defendants made the note and caused it to be transferred and delivered to the receiver. It must therefore have been such an instrument as was capable of being transferred; in other words, it must have been a negotiable promissory note. The averment shows that the receiver was the holder of the note; being such holder, he was under no necessity of setting out a title under the proceeding to appoint a receiver. He made title to it by the transfer of it to himself by the payee. The proceeding by which a receiver was appointed, and the transfer of the effects of the corporation under that proceeding, constituted no part of his title to the note. It follows that the reply was not a departure; it sustains instead of departing from the complaint. It shows that upon the facts stated in the answer, with the additional fact brought out in the reply, the plaintiff is, as he had stated in his complaint, the person who is the holder of the promissory note in question, not by force of his appointment of receiver, operating as an assignment of the choses in action of the banking corporation, but by the transfer of the note to him according to the statement of the answer. It may be that under the Code, it was necessary to describe himself as receiver; and

White *against* Joy.

this he has done. The objection made by the defendant is that he should have shown the proceedings at large, to enable the court to judge whether he had really acquired title; but inasmuch as the form of the contract shows him to be the holder, it was unnecessary to go further. The pleadings are all in harmony with each other. The answer was entirely insufficient, for the want of an averment that the receiver, whose appointment it set forth, was another and different person from the plaintiff in the suit. The reply, by averring that the receiver mentioned in the answer and the plaintiff in the suit were identical, avoids the defence which the answer, if sufficient, would have interposed, and supports the complaint by showing that the plaintiff was well entitled to sue, in the manner he has done for the benefit of the trust, upon this promissory note.

The judgment of the supreme court should be reversed, and judgment should be rendered for the plaintiff on the demurrer; the record to be remitted, with directions to that court to proceed upon the issue of fact joined upon the general denial contained in that part of the defendant's answer which precedes the special defence set up therein.

MARVIN, J. By the original Code, no demurrer was permitted to an answer or reply. The plaintiff was authorized to reply, when the answer contained new matter, any new matter not inconsistent with the complaint, in avoidance of the answer. (*Code of* 1848, § 131.) By the amendments of 1849, a demurrer for insufficiency was authorized to an answer containing new matter; and it was provided that if a reply of the plaintiff to any defence, set up by the answer of the defendant, was insufficient, the defendant might demur thereto and suould state the grounds thereof. (§ 155, *Code of* 1849.) The pleadings in this case were under the Code of 1849. The defendant was authorized to demur if the reply to any defence set up in the answer was insufficient. The plaintiff could only reply " new matter not inconsistent

3 KERN.—6

with the complaint, in avoidance of the answer." (*Code of 1849*, § 153.) Suppose the reply contained new matter inconsistent with the complaint, but which was in avoidance of the answer, constituting a complete answer to the new matter stated in the answer, what then was the defendant's remedy? Could he demur to the reply? Such a reply would undoubtedly be a departure from the complaint. Departure in pleading is defined to be, when a party quits or departs from the case or defence which he has first made and has recourse to another. (1 *Ch. Pl.*, 644; *Co. Lit.*, 304, *a; 20 J. R.*, 160.) Prior to the Code a demurrer would lie for a departure in pleading; but is a demurrer authorized by the Code for such fault in pleading? This depends upon the construction that shall be given to the word "insufficient," as used in § 155 of the Code of 1849. This term is found in equity pleading and practice. An answer was said to be insufficient when it did not contain a full discovery as to the facts stated in the bill; and the complainant could except to the answer for insufficiency. He could not so except unless the answer was required to be upon oath. As used in the Code, I suppose it has reference to the matter stated in the replication, and whether the facts there stated constitute a good answer to the facts stated in the answer. If such is the meaning of the term as used in the Code, it is obvious, I think, that the replication in the present case was not bad for insufficiency. It contained matter which entirely avoided the defence set up in the answer. It showed that White, the plaintiff, was the very receiver referred to in the answer, in whom the cause of action was vested. The point in the answer is, that a receiver had been appointed, and that the title of the note, and of course the cause of action, was vested in him; and the reply admitting all this, says the plaintiff, White, was appointed receiver and is the very receiver in whom the defendant alleges the title of the note is, and that he prosecutes the action as such receiver and in no other

White *against* Joy.

character. If these facts thus replied are true, they are sufficient to obviate the objection made in the answer. I am of the opinion that the Code did not authorize the demurrer in this case. The defendant had nowever, another remedy; and that was a motion to set aside or strike out the reply upon the ground that it was not authorized by the Code. It alleged new matter, "inconsistent with the complaint." It is proper to remark that since the Code, parties must find their authority for pleading in the Code; and if the authority is not found there for any pleading put in, and it is not a case where a demurrer is authorized, the remedy is by motion to strike out. It is an irregularity to put in pleadings not authorized by the Code. All the cases in which a demurrer may be interposed are clearly specified. In the present case the defendant, if he thought the replication insufficient, had a right by demurrer to raise that question, stating "the grounds thereof," that is, wherein it was insufficient. All the *grounds* stated in the demurrer, relate to departure from the summons or complaint. It is then added that the reply is in other respects defective, insufficient and informal; but how insufficient is not stated. The learned judge, delivering the opinion of the supreme court, says that the broad ground is afforded to the defendant to demur to the reply whenever it is insufficient, without pointing out on what particular grounds the reply shall be deemed insufficient. In this the learned judge errs. The Code requires that the defendant shall state the grounds. (§ 155, *Code* 1849.) As no grounds of demurrer were stated, showing wherein the reply was insufficient, the plaintiff had the right to require the demurrer to be made more definite; or perhaps he could have moved to strike it out, upon the ground that it did not conform to the requirements of the Code.

It may be well to examine the complaint and answer. I think the complaint states a cause of action in favor of Andrew White, and that it is not sufficient as a complaint,

showing a cause of action in favor of White in his character as receiver. The addition to his name in the title of the cause, "receiver of the Canal Bank of Albany," is a mere description of the person. If he claimed in his character of receiver, he should have inserted the proper averments in the body of the complaint, to show his right to maintain the suit in that character and his title to the note as receiver. (*Beach* v. *King*, 17 *Wend.*, 197 ; 4 *Den.*, 80.) The defendant could not demur to the complaint, as it stated facts constituting a cause of action in favor of White individually. But was there any necessity of his pleading new matter? I think not. It was only necessary for him to put in issue the plaintiff's title to the note, treating the complaint as alleging a cause of action in favor of White, not in the character of receiver. The issue upon the trial, then, would have been whether White was the owner and holder of the note; and upon this issue he must have failed, unless permitted to amend his complaint so as to show that he was receiver, and held the note in that character. The court has power over applications to amend, and will take care that the defendant's rights are not prejudiced by surprise or otherwise.

In my opinion there was not only no necessity for the pleading of the new matter, but it was impertinent and irrelevant. It contained matter simply showing that another person was the holder of the note and had a cause of action upon it. This certainly was irrelevant, because the plaintiff must always show a title in himself, a right to the thing demanded, and a cause of action in him ; and if he fails it is entirely immaterial whether any other person has the cause of action mentioned in the complaint or not ; neither the plaintiff or defendant has anything to do with that question. True, if the plaintiff upon the trial should show a *prima facie* title in himself, the defendant, to rebut this, might show that the title or cause of action was in some other person; but all this would be evidence upon the issue

White *against* Joy.

of title or ownership in, or holding by the plaintiff. The plaintiff could have moved to strike out this new matter in the answer; or, when admonished by it that his complaint was not adapted to the case as it actually existed, he could have amended. If his action was in favor of White simply in his individual capacity, then he should have moved to strike out the new matter in the answer as irrelevant; if in favor of White in his character of receiver, then he should have amended, and the whole answer would have fallen. The plaintiff had the right in any view to have the new matter stricken out.

I am somewhat embarrassed touching the judgment that the court should give upon these singular pleadings. There has been a departure throughout from the rules of pleading as prescribed by the Code. The parties, instead of adopting the proper remedies, have continued their pleadings until they have got out of the pale of the Code, waiving, at different stages in the pleadings, their rights to the simple remedies given by the Code.

I think the judgment of the supreme court should be reversed, and the plaintiff should, if so advised, be permitted to amend his complaint; if he do not amend, then that he be permitted to move to strike out the new matter in the answer; if he does neither, then that the defendant be allowed to move to strike out the reply upon the ground that it is inconsistent with the complaint. Neither party should have costs. If neither party avails himself of the permissions here given, then the judgment should be reversed upon the ground that the demurrer, for insufficiency, is not well taken, and there should be judgment for the plaintiff upon the demurrer.

GARDINER, C. J., JOHNSON, HAND, CRIPPEN and DEAN, JJ., concurred in the opinion delivered by DENIO, J., and in giving the judgment therein stated to be proper.

Judgment accordingly.