CITY OF ATCHISON V. WM. M. TWINE, *Adm'r, etc.*

1. ACTION *for Injuries Committed by Mob; Who to be Plaintiff.* An action against a city, for damages resulting from the killing of a man by a mob, should be brought in the name of the personal representative of the deceased.

:2. ———— *Pleading; Administrator; Issue.* In such action, whether plaintiff is administrator or not, is an issuable fact; and that he was such administrator should in some way appear in the petition.

.3. ———— *Amendments; Necessary Averments.* Where the suit is brought by the widow of deceased, and on her motion the court makes an order substituting a person who is represented as administrator, as plaintiff in the action, the petition should be amended so as to show that such substituted person is the administrator of the estate he claims to represent.

*Error from Doniphan District Court.*

ELIZA ANN JOHNSON brought her action against *The City of Atchison*, alleging that she was the widow and sole heir at law, of George Johnson deceased, and that the said George, within the corporate limits of said city, in January 1870, being then in full life, of good bodily health, and of sound mind, and while keeping the peace toward all men, and conducting himself in an orderly and quiet manner, was, by a crowd of men, consisting of about fifty persons, and constituting a mob, in an unlawful and brutal manner, wrongfully, and with great force and violence, without any legal cause or justification therefor, seized upon, and by said mob, with a rope fastened around his neck, dragged over the ground the distance of more than five hundred yards, and then and there killed by being strangled, choked and hung by the neck until he was dead—whereby, etc.; and alleging that her claim for damages had been presented to the city council for allowance, and payment refused, etc., and demanding judgment for the damages she had sustained by reason of the premises. The answer was a general denial, and a second defense denying that plaintiff was ever married to said George Johnson. The venue was changed to Doniphan county; where a trial was had at the September Term 1870. Before the commencement of the trial the appointment of *Wm. M. Twine* as

administrator of the estate of said George Johnson, was suggested, and on motion of plaintiff said *Twine*, as such administrator, was substituted as plaintiff, and his letters of administration were filed. No new pleadings were filed. The defendant asked several instructions, of which the following were refused:

"3d. This is a personal action, prosecuted expressly for the benefit of the widow and children or child of George Johnson; and unless he left a wife, or child, or both, you must find for the defendant; and if he had a wife, or wife and child, at the time of his death, they are entitled to recover just so much as George Johnson would have been worth to them, or either of them, had the wrong complained of in this action never been committed.

"9th. If the jury believe from the evidence that Eliza Ann Johnson was not at the time of his death the legal wife, and now the legal widow of George Johnson, then the jury must find a verdict in favor of defendant.

"10th. If the jury believe from the evidence that Mahala Caldwell is the legal widow of George Johnson, and that at the time of his death, and before, said George Johnson had abandoned his said wife, and was living in adultery with Eliza Ann Grant, and the conduct of the parties had been such as to make it certain that said George Johnson and Mahala Caldwell had determined to have no further intercourse together as husband and wife, then the jury will find for the defendant."

At the request of the plaintiff the court instructed the jury as follows:

"1st. The word mob, as used in the statute, means the illegal assemblage of a number of persons for unlawful purposes, attended with injury to the persons or property of others.

"2d. If the jury find from the evidence that George Johnson (the person referred to in the pleadings herein,) was put to death by the action of a mob, within the corporate limits of the city of Atchison, then they must find a verdict in favor of the plaintiff.

"3d. The defendant, the city of Atchison, is responsible for all damages that accrue in consequence of the action of mobs within its incorporated limits, whether such damages are loss of property, or injury to life or limb; and it makes

no difference whether the loss of property, or the injury to life or limb, by such action of mobs, might have been prevented or not; and it makes no difference whether any of the participants in such mob reside in the city or not.

· "4th. In estimating the damages· in this case the jury should give a verdict for such damages as they shall deem fair and just with reference to the pecuniary injury resulting to the widow, and child if any, of the said George Johnson, from the act complained of, and may take into consideration any injury resulting to the widow from the loss of the care, protection, support and assistance of her husband; and in estimating such damages the jury should take into consideration the physical ability of the said George Johnson to work, and also the length of time that the said George Johnson would have probably lived.

"5th. If the jury find from the evidence that at the time George Johnson was killed by the mob, the said Johnson was charged with a crime, the defendant must show by a preponderance of testimony that said Johnson was guilty of said crime, otherwise the jury cannot take into consideration said charge against said Johnson in mitigation of damages.

"6th. Johnson's reputation does not consist in what a few persons may have said against him after his death, but his reputation and standing in the community in which he resided during his lifetime, by persons who were acquainted with that reputation."

The jury returned a verdict in favor of plaintiff for $450 damages. New trial refused, and judgment on the verdict. The city moved that all costs made prior to the substitution of the administrator, as plaintiff, be taxed against the plaintiff, which was refused, and plaintiff was allowed to recover his full costs in the action. The city brings the case here on error.

*H. C. Hawkins*, for plaintiff in error:

1. The court erred in allowing the substitution of Twine as plaintiff; § 26, page 635, General Statutes of Kansas, provides "that every action must be prosecuted in the name of the real party in interest, except as otherwise provided in sec. 28." If prosecuted by an administrator it must be so commenced. It cannot be commenced by a stranger, the

issues made up, and then the real party dropped out.  Seney's Ohio Code, 56, note a.

The administrator has no interest in the event of the action; the moneys belong wholly to the heir; the moneys are not assets in the hands of the administrator, and cannot be used to pay debts of the estate, or expenses of administration.   Tried then by the ordinary rules of construction, the action was correctly brought in the name of Eliza Ann Johnson, who is the "real party in interest," and in whose name the action should have been prosecuted: 1 Estee's Pl., 54, note 12; 4 McLean, 192; 1 Pet., 299; 10 Wheat., 152; 13 Pet., 359.

2. The court erred in refusing to exclude all testimony as asked for by defendant.   To sustain the action it must have been alleged that plaintiff is the administrator of the estate of George Johnson deceased; and yet the name of Twine as administrator can nowhere be found in the petition.   The only provision under which said action could have been maintained is found in § 422 of the code; and to create a liability under said section defendant must have been guilty of some "wrongful act, or omission."   Yet it is nowhere alleged in the petition that defendant was guilty of either a wrongful act or omission in the premises.   It is not alleged that the city or its officers could have prevented the violence.   Said § 422 provides that the "personal representatives" of the deceased may maintain the action, and that the damages "must inure to the exclusive benefit of the widow and children, or next of kin;" yet the petition does not show plaintiff to be the personal representative, or in any way representing the estate of deceased.   If the order of amendment under which Twine became plaintiff was proper, it could only be accomplished, (Seney's Ohio Code, page 59, note b,) by filing new petition, etc.   This was not done, and the petition lacks at least three essential allegations, without which the action could not be legally maintained.   In actions by administrators "the date and power of appointment" must in the petition "be averred issuably:" 17 Wend., 197; 4 Denio, 80; 3

Kern., 80; 2 Seld., 236. "If this is not done the petition is bad on demurrer:" 1 Estee's Pl., 308.

3. The court erred in giving the 2d and 3d instructions asked for by plaintiff. These charges as given require the jury, if they believe George Johnson was killed by a mob in Atchison city, to bring in a verdict for plaintiff. The city is only liable under our law when it has been guilty of some wrongful act or omission. Recovery can only be had when the action is prosecuted in the name of the personal representative of the deceased, and for the benefit of the widow and children, or next of kin of said deceased. (Code, § 422, above referred to.) Persons or corporations are never responsible for injuries that could not be prevented. I think this rule so well established that no recovery was ever maintained for an injury where no fault attached to defendant. As to liability of city, see 28 How. Pr., 352; 46 Barb., 659; 43 Barb., 490; 36 Barb., 526.

4. The court erred in refusing to give the jury as the law of the case the instructions asked for by defendant numbered 3d, 9th and 10th. No. 3 lays down the doctrine that the recovery must be just what if living the deceased would be worth to the person or persons who are entitled to the benefit of the judgment: 2 Greenl. Ev., § 253; 1 Gall., 438; 12 Conn., 580; 3 Seld., 193; 6 Cow., 264; 14 Cal., 554. While Nos. 9 and 10 lay down the doctrine that a recovery cannot be had unless it is alleged and proved that deceased left some person to whose benefit the judgment will legally inure, and further, that if he was wholly worthless to and had abandoned his wife, having no children, then no recovery can be had. Surely this is the law.

5. It was error to tax defendant with costs made . by plaintiff before the administrator was substituted, as all proceedings up to that time were irregular and unauthorized.

*Albert H. Horton*, for defendant in error:

1. The order substituting Twine, as administrator, as plaintiff, was proper: Ch. 32, § 1, Gen. Stat., and § 422, civil

·code. Both these acts were approved February 25th, 1868. Statutes in *pari materia* are to be taken together as if they were one law. Sedg. on Stat. L., pp. 247 to 250. Our code :authorizes amendments in names of party; §§ 139, 140, p. 655; 5 Kas., 308; 9 Ind., 273.

2. The order of the court that the administrator be substi- -tuted as plaintiff was entered on the journal; the letters of :administration were filed; and the record shows that such letters were thereafter considered by the court as part of the petition. A good cause of action was therefore stated, and there was no error in receiving the evidence under the peti- tion. An amendment which might have been made, on motion therefor, will, after judgment, be deemed to have been made. "A record will be construed if possible so as to make its points harmonize; and the presumptions are in favor of its sustaining the judgment entered below." *U. P. Rly. Co. v. Horney,* 5 Kas., 340.

It is too late to urge as error, that the petition was not amended in accordance with the order of the court requiring the administrator to be substituted as plaintiff, as such objec- tion was not presented in the court below. Upon the trial plaintiff in error did object to the introduction of evidence under the petition, on the ground "that the petition does not state facts sufficient to constitute a cause of action;" but the only objection urged or suggested was, that the city was *not liable* for the acts alleged in the petition.

3. There was no error in the instructions given. The instructions given are to be construed together; and we con- tend that said instructions give the law as applicable to the ·case at issue. 14 N. Y., 310; 15 N. Y., 432; Shear. & Redf. ·on Negligence, § 299.

4. There was no error in refusing the 3d, 9th, and 10th instructions asked by plaintiff in error. Shear. & Redf. on Neg., §§ 293, 299, 350, 351, 362; civil code, § 422; 15 N. Y., 432; 14 id., 310; 28 Barb., 41.

5. The jury found that Eliza Ann Johnson was the wife ·of George Johnson; hence there was no error in taxing all the costs against plaintiff in error.

The opinion of the court was delivered by

KINGMAN, C. J.: On the night of the 4th of January 1870 an armed mob took from the jail of Atchison county, in the city of Atchison, one George Johnson, and with other brutal treatment finally hung him until he was dead. His widow, Eliza Ann Johnson, brought an action against the city of Atchison to recover damages for the killing of her husband. After the issues were made up, the cause was removed to Doniphan county for trial, where, on motion of plaintiff, William M. Twine, as administrator of the estate of George Johnson, deceased, was substituted as plaintiff instead of Eliza Ann Johnson; and his letters of administration were filed. This order appears on the journal, but no change was made in the petition.

The liability of the city for acts of this character is created by § 1 of ch. 32, Gen. Stat., p. 390, and the method of procedure is pointed out by § 422 of the civil code, p. 709. The first section referred to is no novelty in our system of jurisprudence. It was one of the laws of Canute, the Dane, which was afterwards recognized by our Saxon ancestors, from whom we inherited the common law, that when any person was killed, and the slayer escaped, the ville should pay forty marks for his death; and if the sum could not be raised in the ville, then the hundred should pay it. The public reason for the law was, that every one should have an interest in the prevention and prosecution of such offenses. 1 Reeves' Hist. of English Law, 17. A sketch of the modifications of this law from time to time will be seen by reading the case of *Darlington v. The Mayor of New York*, 31 N. Y., 185. The remedy, when death ensues from the wrong done, is by an action in the name of the personal representative of the deceased, and the amount recovered will be for the benefit of the widow and children, if any, or next of kin. This action was therefore improperly brought by the widow; and the plaintiff not having the legal right to bring the action, and that fact appearing upon the face of the petition, it was a suitable case for the interposition of a demurrer: Second

clause of § 89 of the code. No objection having been taken by demurrer or answer, the defect was waived: § 91. But the court very properly permitted an amendment making the administrator the plaintiff.

A much graver question arises as to whether the administrator should not have amended the petition, so as to show his connection with the suit in the pleadings. The plaintiff in error claims that this should have been done, as the question, as to whether Mr. Twine was administrator, was a fact on which the defendant could have taken issue, and had a right to have the fact appear in the plaintiff's pleadings, and could not take issue without the appearance of such fact in the petition. The power of the court to allow the amendment is undoubted. Code, § 139; *Stevens v. Thompson,* 5 Kas., 308; *Hubler v. Pullen,* 9 Ind., 273. But the difficulty does not grow out of the want of power in the court to allow the amendment, or because the court did not make the order as requested. Nor should we hesitate, if it were the mere substitution of one name for another. But there is the fact, that the change of parties, by substituting one who could only succeed by reason of his being an administrator, a fact which the defendant had a right to controvert, is not alleged in the petition; and this must we think be held a fatal error. See Voorhies' Code, 188; *Breech v. King,* 17 Wend., 197; *White v. Joy,* 13 N. Y., 83. It is said that as the letters of administration of Twine were filed they became, and were considered, a part of the petition. But they are not made by reference a part of the petition. Profert of them was not necessary. They were but evidence to be used upon proper allegations, and on a sufficient issue.

We are not able to perceive any error in the ruling of the court in giving and refusing instructions. As we understand the statute, the fact that injury to property, or to life and limb, is inflicted by a mob, in a city, makes the city responsible therefor. It is in itself evidence of a wrongful act, or omission, on the part of the city, for which they are responsible, and this is what the court said in substance in the second

and third instructions given at the request of the plaintiff. The third, ninth and tenth instructions asked by the defendant, and refused, are not law, as it was not essential to recovery that the deceased should have left a wife or child. If he left neither, the recovery could have been had for the benefit of the next of kin.

There was no error in taxing costs. As has been already observed, the defect of proper party plaintiff was waived by the answer. Judgment reversed, and new trial awarded. *

All the Justices concurring.