WILLIAM M. KINGSLAND, RESPONDENT, *v.* STEPHEN B. M. STOKES, AS SOLE ACTING EXECUTOR AND TRUSTEE UNDER THE WILL OF ELIZABETH BORST, DECEASED, AND OTHERS, APPELLANTS.

*Pleadings — in an action by an executor — when the appointment, etc., must be alleged.*

Where a bond and mortgage is executed by one as executor and trustee and purports to be made in such representative capacity, it is not necessary, in an action to foreclose such bond and mortgage, to allege that the mortgagor was in fact such executor and trustee, and the facts relating to his appointment as such.

*Semble,* that it is otherwise where one sues or is sued as an executor, and the action is brought to recover a debt due to or from a testator.

APPEAL by the defendant Stokes from a judgment, entered upon an order overruling a demurrer, because of his omission to answer over in accordance with the permission contained in such order.

*S. B. M. Stokes,* for the appellants.

*Frederick DeP. Foster,* for the respondent.

BRADY, J.:

This was an action to foreclose a mortgage. The amended complaint alleges that the defendant, Stephen B. M. Stokes, as executor

and trustee of and under the last will and testament of Elizabeth Borst, deceased, for the purpose of securing the payment to the plaintiff of the sum of $30,000, with interest thereon, on or about the 1st day of September, 1875, executed and delivered to the said plaintiff a bond bearing date on that day, sealed with his seal, whereby he bound himself and his successors and assigns in the penalty of $60,000, upon condition that the same should be void if the said defendant, Stephen B. M. Stokes, as executor and trustee as aforesaid, his successors or assigns should pay to the said plaintiff, etc. The defendant Stokes demurred on the ground that it appeared that the complaint, on its face, did not state facts sufficient to constitute a cause of action. In support of the demurrer it was urged that several facts which were necessary to etablish the plaintiff's right to recover were omitted from the statement of the cause of action ; for example, that the complaint contained no allegation as to whether the mortgagor was in fact the executor of Elizabeth Borst, deceased, and no statement of the place, county or State of any such appointment, or the functionary connected with it, and that, for aught that appeared, such alleged appointment might have been in a foreign State ; and further, that there was no allegation in the complaint of the place, county or State of the appointment of the defendant Borst as administrator with the will annexed, the said Stokes having been discharged as executor, and further, that there was no allegation in the complaint that the executor had power to execute the mortgage.

These various elements were disposed of in the opinion given by Mr. Justice VAN VORST, before whom the demurrer was argued, and in a manner entirely satisfactory. The cases which were cited by the learned counsel were disposed of by the observation that they are applicable where one sues as an executor, in which case he must aver his appointment or title as such, or where the claim urged is one against a testator. In this case the action is brought upon an instrument executed by a person as executor and trustee under a last will and testment, and this seems to be a sufficient statement of it as executor. If the defendant Stokes had no power, as executor or trustee, to execute the mortgage under the will named, that would be a good defense and doubtless, for the protection of the estate, it could be interposed for its benefit. But whether this

be so or not, as decided in the case of *Holliday* v. *Fletcher* (2 Ld. Raymond, 1510), suing one's administrator did, of necessity, imply that the administration was committed to him, or suing one as an executor and trustee of and under the last will and testament of a person named, implies that the proper letters were issued to him to enable him to assert the capacity stated.

The learned counsel for the respondent criticises the cases of *Skelton* v. *Scott* (18 Hun, 375), and others cited by Mr. Justice VAN VORST in his opinion. An examination of that case leads to the conclusion that the criticism upon it is erroneous and that it does decide exactly what it is accredited with having adjudicated in the opinion of that justice. The complaint in that case alleged that the mortgage was given by one Israel O. Beatty, as executor of the last will and testament of John Scott, deceased. According to the report of the case it did not appear, although it is stated in the opinion, that the mortgagor gave back the mortgage for part of the purchase-money. The allegation in the complaint, therefore, according to the report, is just such an allegation, or substantially such a one as made in this case, namely, that Israel O. Beatty, as executor of the last will and testament, executed the mortgage. As suggested by Mr. Justice VAN VORST, where one sues as executor the rule is different, in which case he must aver his appointment and title as such in particular ; or where the action is brought to recover a debt due to or from a testator, an allegation is necessary showing the appointment of the executor or administrator as such, with all the necessary details to make that fact apparent. (*Sheldon* v. *Hoy*, 11 How., 11; Stephens' Pl., 288; *Rightmyer* v. *Raymond*, 12 Wend., 51; *Morgan* v. *Lyon*, Id., 265; *Beach* v. *King*, 17 id., 197; *White* v. *Joy*, 13 N. Y., 83; *Forrest* v. *Mayor*, 13 Abb., 350; *Wheeler* v. *Dakin*, 12 How., 537.)

The objection to the statement in regard to John Becker Borst, as administrator with the will annexed of Elizabeth Borst, is not of such a character as to make it necessary to interfere with the judgment pronounced. The statement appears in the prayer of the complaint, which is, that John Becker Borst, having been previously named as one of the parties who had or claimed some interest or lien in the mortgage, and who had become administrator with the will annexed of Elizabeth Borst, deceased, be adjudged

to pay any deficiency out of the estate in his hands which might remain applicable thereto after the sale of the premises. The demurrer to the prayer for relief cannot be maintained. (*Mackey v. Auer*, 8 Hun, 180.) If the facts alleged are sufficient to afford any relief, the relief must be in harmony with the facts alleged.

For these reasons we think the judgment appealed from should be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed.