## No. 7285.

## TIMMONS v. WIGGINS.

PROMISSORY NOTE.—*Pleading.*—*Title.*—A complaint upon promissory notes, which fails to aver to whom the notes are payable, is bad upon demurrer, as it does not show any title in the plaintiff to the notes.

SAME.—*Possession.*—*Evidence.*—*Fraudulent Agreement.*—A complaint in such action, which averred that possession of the notes sued upon was obtained by the defendant by trick, connivance and fraudulent practices, is not supported by proof that they were voluntarily surrendered in pursuance of a fraudulent agreement.

From the Benton Circuit Court.

*T. N. Bunnell* and *R. P. Davidson,* for appellant.

*G. O. Behm* and *A. O. Behm,* for appellee.

BEST, C.—The appellee brought this suit, and his cause of action was thus stated in the first paragraph of the complaint: "The plaintiff complains of the defendant, and says that, on the 18th day of August, 1874, the defendant, by his three several promissory notes—one for $205, at thirty days after date, one note for $205, at sixty days, and one for $106.79, at ninety days—promised to pay said notes as they should become due, with interest at ten per cent. per annum from date, and also to pay plaintiff's attorney fee. And he also shows that said defendant, by trick, connivance and fraudulent pretences, obtained possession of said notes and has refused to give them up to the plaintiff, so that copies can not be filed herein. And the plaintiff alleges that said notes remain wholly unpaid. Wherefore," etc.

The second was upon an account.

A demurrer for want of facts was overruled to the first paragraph.

An answer of three paragraphs was then filed:

1st. A general denial;

2d. Payment; and,

3d. That the plaintiff and the defendant, in December, 1875, had settled and adjusted all matters between them, including the notes mentioned in the complaint, and the plaintiff, upon such settlement, voluntarily surrendered said notes to the defendant as being paid in full.

A reply in denial was filed to the second and third paragraphs of the answer.

The issues were submitted to a jury, and a verdict returned for the appellee for $711.06. The plaintiff remitted $47.40, and, over a motion for a new trial, judgment was rendered upon the verdict for $663.66.

The appellant appeals, and insists that the court erred in overruling the demurrer to the complaint and in overruling the motion for a new trial.

Among other objections urged to the complaint, it is insisted that it is defective because it is not averred to whom

said notes were payable. This objection is well taken. It will not be presumed that they were payable to order or bearer in a bank in this State, and as it is not averred that they were payable to the plaintiff, he does not show any title in himself. There is nothing averred in the complaint to indicate that said notes were not payable to and obtained by the defendant from some person other than the plaintiff. It is true that the complaint contains this averment, "and also to pay plaintiff's attorney fee;" but this can not be construed to mean that the plaintiff is the payee, as such averment is as applicable to him as assignee as payee. If the notes contained stipulations to pay attorney fees, these were promises to pay such fees to any person instituting suit upon them; and, if any person other than the payee should institute such suit, the averment in question would apply to him as well as to the payee. This averment, therefore, does not indicate to whom the notes were payable, and without such averment the complaint was insufficient.

In *White* v. *Joy,* 13 N. Y. 83, the complaint averred that the defendants, "by a promissory note in writing, for value received, promised to pay the sum of one thousand dollars one year after the said date. And the same was thereupon transferred to the said plaintiff, who is now the holder and owner thereof. The payment of said note was duly demanded at maturity. The said defendants have never paid the said note, or any part thereof, but are jointly indebted to the plaintiff therefor. Wherefore," etc. The court said: "The complaint is defective in not stating to whom the promissory note mentioned in it was made payable. It is not merely the want of a sufficiently definite statement, the remedy for which is by motion under section 160 of the code, but it is an attempt to set out the substance of a promissory note, omitting all notice of the payee, and not mentioning whether it had that essential feature or not. If the complaint had been demurred to, we should have been obliged to give judgment for the defendant."

These remarks apply to this complaint, and for the reasons given we think the demurrer should have been sustained.

The motion for a new trial was made upon the ground, among others, that the verdict was not sustained by sufficient evidence.

It appears from the testimony of the plaintiff, that he and Benjamin A. Timmons, defendant's father, were in partnership in the grocery business from May, 1874, until August of the same year; that at that time he sold his interest in the stock on hand to the defendant, for which the notes in suit were executed; that in December, 1875, the plaintiff and the defendant had a settlement of the partnership affairs of the plaintiff and Benjamin A. Timmons, in which the notes were surrendered to the defendant, and the defendant and Benjamin A., as the firm of Timmons & Timmons, were to pay the firm debts of the plaintiff and Benjamin A. Timmons. He further testified that they did not and would not pay said debts, and that for such reason he was not willing to stand by the settlement. He offered no proof of a demand of the notes before bringing the suit, and the defendant testified that none was made. He also testified that the plaintiff, on the 11th of August, 1877, " told him to bring the notes over, but did not ask for them nor say he wanted them." There was no proof of fraud, mistake or error of any kind, but simply a failure and refusal to carry out the terms of such settlement. The testimony of the other witnesses did not substantially change the case made by the plaintiff's testimony.

The averment in the complaint, that the " defendant, by trick, connivance and fraudulent pretenses obtained possession of said notes," furnished an excuse for not filing the notes, or copies of them, with the complaint, but did not authorize the plaintiff to prove that a settlement made by him and the defendant, in pursuance of which the notes had been surrendered, was brought about by fraud, mistake or error of any kind, for the purpose of setting aside such settlement. The averment, fairly construed, meant that the defendant had pos-

session without right, and not that he had possession by virtue of an agreement fraudulently procured. Proof of the latter would not support an averment of the former. A settlement procured by fraud is binding until set aside. This will not be done without averment and proof. If the settlement is binding, the notes are extinguished. If it may be set aside for fraud, the facts which authorize it must be averred in order to maintain a suit upon the notes. Without expressing an opinion upon the ultimate rights of the parties, we will merely say that the evidence did not support the complaint, and for that reason a new trial should have been granted.

For these reasons the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is in all things reversed, at appellee's costs, with instructions to grant a new trial, to sustain the demurrer to the first paragraph of the complaint, and for further proceedings.