WILLIAM H. SECOR, AS ADMINISTRATOR OF CHARLES A. SECOR, DECEASED, APPELLANT, *v.* WILLIAM H. PENDLE-TON, EXECUTOR, AND CLARA F. OGDEN, INDIVIDUALLY AND AS EXECUTRIX OF DAVID OGDEN, DECEASED, AND OTHERS, RESPONDENTS.

*Action by an administrator — his appointment by a competent tribunal of this State must be alleged — an objection to a failure to do so may be taken by a demurrer alleging that he has not legal capacity to sue — it is waived by a demurrer alleging that the complaint does not state a cause of action — Code of Civil Procedure, secs. 532, 495, sub. 2.*

The complaint in this action, brought by the plaintiff as sole administrator of Charles A. Secor, deceased, alleged that "letters of administration were duly issued and granted unto plaintiff, who is in fact alone entitled to the possession of and has sole power, as administrator, etc., to collect the assets and liquidate the business affairs of said firms." It did not state that the intestate died leaving property in this State, or that the letters of administration had been issued upon his estate by any surrogate having that authority within this State.

*Held,* that the allegations of the complaint were not sufficient to show that the plaintiff had been appointed administrator of the estate of the intestate.

That the objection to the insufficiency of the averment of the plaintiff's appointment could be taken by a demurrer, alleging a failure to show that he had legal capacity to sue, as provided in subdivision 2 of section 495 of the Code of Civil Procedure.

That it could not be taken by a demurrer alleging that the complaint did not state facts sufficient to constitute a cause of action, and that by interposing a demurrer upon that ground the objection was waived and the plaintiff permitted to maintain the action notwithstanding the defective averment of his appointment.

The cases bearing upon this question examined, followed and distinguished by DANIELS, J.

APPEAL from an interlocutory judgment sustaining a demurrer to the plaintiff's complaint.

*William H. Secor* for the appellant.

*Frederic De P. Foster* and *Russell Benedict* for the respondents.

DANIELS, J. :

The demurrer was served to the plaintiff's complaint upon two grounds, the first being the objection that there was a defect of parties plaintiff in the action, and the other that the complaint did not state facts sufficient to constitute a cause of action. The second objection was directed in part to the insufficiency of the averment that the plaintiff had been appointed administrator of the estate of the intestate by any tribunal having authority to make the appointment in this State. What the complaint alleged upon this subject was that "letters [of administration were duly issued and granted unto plaintiff, who is in fact alone entitled to the possession of and has sole power as administrator, etc., to collect the assets and liquidate the business affairs of said firms." It was not stated in the complaint that the intestate died leaving property in this State, or that the letters of administration had been issued upon his estate by any surrogate having that authority within this State. But the right of the plaintiff to maintain the action was left to rest wholly upon the allegation that letters had been duly issued and granted to him. To maintain the sufficiency of this allegation, reference has been made to section 532 of the Code of Civil Procedure. But this section can be attended with no such effect. For to bring the allegation within its provision that the judgment or decree relied upon was duly rendered or given, it should be made to appear that it was done in a proceeding before some court or judicial tribunal. As much as that is required, to maintain the force and effect of letters of administration, by section 2591 of the same Code. The case of *Cowper* v. *Theall* (4 N.Y. State Rep., 674), furnishes no support to this complaint. All that was there held was that argumentative or inferential pleading would be good for the purposes of the action, as long as no proceeding had been taken to make it more definite and certain. While in this case the plaintiff has alleged no fact from which it can be inferred that the letters of administration stated to have been issued were such as authorized him to maintain this action. It is entirely consistent with the allegation that the letters were issued in some other State than the State of New York,

and they would supply the plaintiff with no legal authority to maintain this action. For that object it should have been shown by the complaint that the letters were issued by a tribunal in this State having that authority under its laws.

In *Beach* v. *King* (17 Wend., 197), such an allegation as this was held to be entirely insufficient ; and in *Sheldon* v. *Hoy* (11 How., 11) it was held that the point could be taken by demurrer, although that was doubted by the same court in *Cheney* v. *Fisk* (22 How., 236). But the principle asserted in *White* v. *Joy* (13 N. Y., 83) is directly in harmony with the earlier of these decisions. And the same rule was followed in *Hulbert* v. *Young* (13 How., 413), and *Dayton* v. *Connah* (18 id., 327). And it substantially has the sanction of this court in *Kingsland* v. *Stokes* (25 Hun, 107). It was an essential fact upon which the right of the plaintiff to main tain the action depended, and it should have been averred to disclose and maintain that right.

But it will not result from this defect in the statement of the plaintiff's authority to sue, as the representative of this estate, that the judgment can be sustained, for the demurrer was not framed in such a form as to take advantage of it. It was not a deficiency in the statement of the cause of action, but it was a failure on the part of the plaintiff to show that he had legal capacity to sue ; and the demurrer, to be effectual, should have been in that form according to subdivision 2 of section 495 of the Code of Civil Procedure. As it was framed it did not disclose the existence of any legal capacity on the part of the plaintiff to maintain the action. In *Sheldon* v. *Hoy* (*supra*) the objection was raised by the statement in the demurrer that it did not appear that the plaintiff was the administrator of the goods, chattels and credits of the deceased intestate, which, though not in the language of the Code, was substantially an assertion of the objection that the plaintiff was without legal capacity to sue. And in *Cheney* v. *Fisk* (*supra*) a demurrer in this form was also considered to be essential to the presentation of this objection. And that it cannot be considered under a demurrer in the form adopted by the defendants is maintained by *Fulton Fire Insurance Company* v. *Baldwin* (37 N. Y., 648) and *People ex rel. Lord* v. *Crooks,* 53 id., 648). The cases of *Clegg* v. *Chicago Newspaper Union* (8 Civ.

Pro. Rep., 401) and *First National Bank* v. *Doying* (11 id., 61) arose under a different provision of the Code of Civil Procedure. and are not strictly applicable to this controversy. But in *Hafner, etc., Company* v. *Grumme* 10 id., 176), it was considered and held by Mr. Justice BRADLEY that a demurrrer to the complaint, as failing to state facts sufficient to constitute a cause of action, will not raise this objection under this other section of the Code.

The complaint, together with the agreement annexed to and forming a part of it, did disclose a cause of action in favor of the plaintiff as administrator. For by the agreement which was made the intestate was entitled to participate in the moneys which might be obtained from the government of the United States, over and above the sum of $12,000, as part of what was known as the German tonnage claim, for the satisfaction of the unpaid seventy-five per cent of the indebtedness. By the contract entered into it was agreed, that the parties of the first part, in consideration of the premises, and of one dollar to each of them in hand paid by the parties of the second part, hereby covenant and agree that the parties of the second part hereto shall receive their proportionate share (in accordance with the list of creditors hereto annexed) of any moneys that may come into the hands of the parties of the first part from any claims (other than the German tonnage duty) hereto fore prosecuted by or belonging to the late David Ogden, until the said creditors shall have received with the payment now made, and from such dividends of moneys collected, the full amount of their claims and interest.

And the complaint contained the averment that there had been received from the United States the sum of $125,000, which in great part was to be controlled in its disposition by this agreement. Whether the creditors, a list of whom was added to the agreement, could be paid their seventy-five per cent in full out of the proceeds applicable to that object, or whether there would be a deficiency, has been left uncertain and extremely doubtful by the allegations contained in the complaint. And to meet and dispose of this uncertainty an accounting of the moneys and of the amounts of the several debts to be paid, will become necessary to determine the amount and extent of relief the plaintiff may be entitled to in the action. And the taking and adjusting of these accounts is the

proper and ordinary province of an action in equity, and by the complaint this is such an action. The objection taken by the demurrer that the executrix of the estate of Zeno Secor was a necessary party plaintiff, is not well founded, for he died leaving the intestate his surviving partner. And in him as survivor was vested the right and authority of collecting this indebtedness, and that right passed to the plaintiff when he was appointed the administrator of this estate. Whatever moneys may be received he will be bound to account for the share of Zeno Secor to his executor, but the latter by no rule of practice has been required to be joined as a plaintiff in the action.

By failing to present the objection, by the demurrer, that the plaintiff had not the legal capacity to recover the demand, the objection has been waived. (Code of Civil Pro., §499.) And that waiver will permit the plaintiff, as administrator, to maintain this action, notwithstanding the defective averment of his appointment to act as such. The judgment should be reversed, with costs, and a judgment entered overruling the demurrer to the complaint with leave to the defendants to answer in twenty days, on payment of the costs of the demurrer and of this appeal.

Van Brunt, P. J., and Brady, J., concurred.

Judgment reversed; judgment entered as directed in opinion.