THE BURLINGTON, KANSAS & SOUTHWESTERN RAILROAD COMPANY V. HARRY BILLINGS, *et al.*

CONDEMNATION — *Right-of-Way* — *Amended Petition* — *Practice*.   In an appeal from the assessment of damages of a right-of-way, condemned for railroad purposes, a petition was filed when the appeal was perfected.   Upon the trial, after the introduction of a part of the evidence, objection was sustained to the proof of title; thereupon the action was revived in the name of the surviving husband and children, and the petition amended accordingly.   The railroad company then filed its answer, and the trial was proceeded with.   *Held*, That the cases of *City of Atchison v. Twine*, 9 Kas. 350, and *C. B. U. P. Rld. Co. v. Andrews*, 34 id. 563, have no application; and *further held*, that the trial court had ample power to allow the amendments; and as no sufficient showing was made for a continuance to obtain evidence, or for any other reason, there was no error in requiring the trial to proceed after the answer to the amended petition had been filed.

*Error from Phillips District Court.*

THE opinion states the case.   April 6, 1886, judgment for the plaintiffs.   *The Railroad Company* brings the case to this court.

*W. W. Guthrie*, for plaintiff in error.

*Geo. W. Stinson*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an appeal from the assessment of damages of a certain strip of land in Phillips county, which was condemned for railroad purposes. The commissioners assessed the total damages of the owners at one hundred and eighty-four dollars; they appealed to the district court, and filed a petition setting forth at length their cause of action. The case was tried in the district court before a jury, and the damages were assessed at seven hundred and eighty-three dollars and forty-nine cents. The railroad company complains, and brings the case here.

After the introduction of a portion of the evidence on the part of the owners of the land, objection was sustained to the proof of title; thereupon the plaintiffs asked and obtained leave to amend their petition by setting forth the death of Cora L Johnson and the revival of the action in the name of her surviving husband and children. The railroad company objected to the amendments, and also asked for the statutory time in which to plead to the amended petition. The court refused to grant this time, to which the company excepted. This is the first complaint. It appears from the record that after evidence had been introduced tending to show that Cora L. Johnson had died subsequently to the condemnation of the right-of-way by the railroad company, the company insisted that the petition should show the names of the heirs of Cora L. Johnson, so that the real parties in interest in the case should be before the court. After the pleadings were amended to conform to the suggestion of the railroad company, and in accordance with the leave and order of the court, the railroad company filed its answer, and the case proceeded to trial. After the amended pleadings were filed, no application was made by the railroad company for a continuance, nor was any affidavit at any time presented showing any necessity for any continuance to obtain evidence, or for any other reason. The court had ample power to allow the amendments. After the petition was amended an answer was filed. The

cases of *City of Atchison v. Twine*, 9 Kas. 350, and *C. B. U. P. Rld. Co. v. Andrews*, 34 id. 563, therefore, are not applicable. In those cases, the petitions were not amended, and there were no allegations therein of new parties.

It appears from the general verdict that the jury assessed the damages of plaintiffs at the sum of seven hundred and eighty-three dollars and forty-nine cents. In their special findings of fact they stated the damages as follows: Actual value of six and ninety-three hundredths acres of land taken for right-of-way, without reference to any damage to the remainder of the farm, one hundred and seven dollars and forty-one cents; the amount of real and actual damages to the part of the farm north of the right-of-way, three hundred and twenty-five dollars; the real and actual damages to the part of the farm south of the right-of-way, two hundred and eighty-seven dollars; hence there is an excess of sixty-four dollars and eight cents in the general verdict over the aggregate damages in the special findings. As the special findings must control the general verdict, the judgment rendered must be modified accordingly.

Exceptions were taken to the introduction of evidence concerning damages to the crops upon the farm from which the right-of-way was taken. It was the duty of the commissioners assessing the damages for the right-of-way, to determine the value of the crops, etc.; and in view of the modification of the judgment to conform to the special findings, we do not perceive any material error as to this evidence. It is doubtful under the special findings, whether any damages were allowed by the jury for injury to the crops and pasture.

In instructing the jury, the trial court charged that the plaintiffs, after the right-of-way was taken, might use the strip to the same extent as any other citizen. This is true, but the court did not go far enough. But this error is not material, because the court expressly charged the jury that the fee in the land taken in condemnation proceedings, after the taking, remained in the plaintiffs.

There are several other alleged errors, but after an examina-

tion of all of them, we see nothing in them prejudicial to the interests of the railroad company.

As to the payment into the county treasury of the amount of the judgment that the plaintiffs are to recover, see *B. K. & S. W. Rld. Co. v. Grimes,* just decided.

The cause will be remanded, with direction to the district court to remit from the general verdict sixty-four dollars and eight cents, and to enter judgment in favor of the plaintiffs against the railroad company for seven hundred and nineteen dollars and forty-one cents.

All the Justices concurring.